H. H. Robertson Company, Appellant, *v.*
Pfotzer et al.

Argued October 6, 1942.

Before KELLER, P. J., CUNNINGHAM,
BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

458

*Morris M. Wexler,* of *Wexler & Weisman,* for appellant.

*Samuel I. Sacks,* with him *Abraham P. Piwosky,* of *Sacks & Piwosky,* for appellee.

OPINION BY KELLER, P. J., November 11, 1942:

This is an appeal by the plaintiff in an action of assumpsit from an order of the court below striking off a judgment entered for want of a sufficient affidavit of defense and setting aside an attachment execution issued thereon; and permitting the defendants to file an amended affidavit of defense, containing an amended counterclaim, nunc pro tunc. The relevant facts may be stated as follows:

The plaintiff brought an action of assumpsit on a written contract, claiming a balance due it of $1482.09. The defendants filed an affidavit of defense, not denying the plaintiff's claim, but averring a set-off or counterclaim, due them by plaintiff, of $1517.56, based on the failure of the plaintiff to deliver material in time, in violation of the contract, and leaving a net balance in their favor of $35.47.

The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, and also filed a reply to the defendants' set-off or counterclaim, raising certain questions of law, in lieu of demurrer, among them, that said set-off or counterclaim was vague, general, defective and insufficient, and failed to set forth a valid set-off or counterclaim against the plaintiff.

The court, on July 13, 1942, entered an order making plaintiff's rule for judgment absolute and sustaining its

questions of law in lieu of demurrer to defendants' set-off or counterclaim. In doing so, the court below, as stated in its opinion filed pursuant to Rule 58 of this court, by inadvertence omitted from the order a provision granting defendants leave to file an amended affidavit of defense containing an amended counterclaim—just as under section 20 of the Practice Act of 1915, P. L. 483, where the defendant files an affidavit of defense raising a question of law, in lieu of demurrer, the court, if it sustains the question of law, may allow an amendment of the plaintiff's statement, if it deems it just, and should do so if it is of opinion that the statement may be cured by amendment. See *Adler v. Helsel*, 344 Pa. 386, 389, 25 A. 2d 714; *Moffett v. Penna. Mfrs. etc. Ins. Co.*, 137 Pa. Superior Ct. 569, 570, 10 A. 2d 579. A defendant's counterclaim is in the nature of a counter statement of claim by the defendant, and the rules and practice applicable to a statutory demurrer to a plaintiff's statement are likewise applicable to a statutory demurrer to it.

Accordingly, having been informed by the defendants of their desire to file an amended affidavit of defense, containing an amended counterclaim, the court, the next day, and before judgment had been entered upon the rule absolute, or any damages had been assessed under said order, entered an order granting leave to defendants to file an amended affidavit of defense and amended counterclaim.

Notwithstanding this, the attorney for plaintiff shortly thereafter persuaded the clerk of the court to enter judgment on the rule absolute and assess the damages thereunder at $1700.61, and immediately thereafter issued an attachment execution on said judgment summoning the Philadelphia National Bank and Germantown Trust Company as garnishees, service being made on said garnishees on July 14 and July 15, respectively.

Thereupon, the court on July 16 entered an order that the said judgment be stricken from the record and the attachments issued thereunder be set aside, and that the defendants be granted leave to file their amended affidavit of defense nunc pro tunc, and that all other proceedings be stayed.

Plaintiff appealed, and assigned as error the orders of July 14 and July 16, respectively. The appeal will be dismissed.

The order of July 14, granting leave to defendants to file an amended affidavit of defense, and that of July 16, striking from the record the judgment entered on July 14 and setting aside the attachments issued thereunder, and granting leave to defendants to file their amended affidavit of defense nunc pro tunc, were both issued within the same term as the order of July 13 making absolute the rule for judgment for want of a sufficient affidavit of defense.

Within that term the court had full control over its judgment, and if the order making the rule absolute was entered by inadvertence—as the court below states of record—it was within its power to strike it off and permit the defendants to amend their affidavit of defense by setting forth their counterclaim with greater definiteness and certainty, so as to present a sufficient defense to the plaintiff's statement of claim, if they were able to do so. The order of July 14, while not as explicit as it might have been, was sufficient to put counsel for plaintiff and the clerk of the court on notice of the court's modification of the order of July 13, by giving leave to defendants to file an amended affidavit of defense and counterclaim, and they should not have proceeded to enter judgment, assess damages, or issue an attachment execution thereon without first consulting the court. The order of July 16 cleared up any uncertainty as to the scope of the court's action of July 14, and it was within the reasonable power and

control of the court and did not amount to an abuse of discretion.

The sufficiency of the amended counterclaim as contained in the amended affidavit of defense has not been questioned in the court below nor considered or passed upon by that court, and is not before us on this appeal.

Appeal dismissed.