Commonwealth ex rel. Long, Appellant, *v.* Long.

42

Argued March 19, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

P. H. *Fierro,* for appellant.

O. Wm. *Vanderlin,* with him *McNerney, Page & Vanderlin,* for appellee.

OPINION BY ERVIN, J., April 11, 1956:

On April 12, 1947 the appellee was ordered to pay the sum of $10.00 a week for the·support of his wife by President Judge D. M. LARRABEE. On April 23, 1951 the order was increased to $25.00 a week by the same Judge. On June 13, 1955, after hearing, this order was reduced to $7.00 a week by President Judge C. S. WILLIAMS. We take judicial notice of the retirement of Judge LARRABEE prior to the time of the last hearing and order. The wife appealed and the only

question for our present determination is whether there was a clear abuse of discretion by the lower court. *Com. ex rel. Thompson v. Thompson,* 171 Pa. Superior Ct. 49, 54, 90 A. 2d 360.

In *Com. ex rel. Rankin v. Rankin,* 170 Pa. Superior Ct. 570, 572, 87 A. 2d 799, this Court, speaking through Judge HIRT, said: "The function of a court in a proceeding for support, such as this, under §733 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4733, is not to punish a husband for his misconduct but to fix an amount which is 'reasonable and proper for the comfortable support and maintenance of . . . [his] wife . . .' There is a limitation by law on the maximum amount of such support order, when children are not involved, in the rule that the award may not exceed one-third of the husband's income. Com. ex rel. Milne v. Milne, 150 Pa. Superior Ct. 606, 29 A. 2d 228. But in determining the appropriate amount of the order the court is not restricted to the husband's actual earnings, but may also consider his earning power (McMahon v. McMahon, 167 Pa. Superior Ct. 51, 74 A. 2d 718; Commonwealth v. Gleason, 166 Pa. Superior Ct. 506, 72 A. 2d 595) and the nature and the extent of his property and other financial resources. Commonwealth v. Surovitz, 148 Pa. Superior Ct. 342, 25 A. 2d 761." See also *Com. ex rel. Glener v. Glener,* 173 Pa. Superior Ct. 108, 110, 94 A. 2d 102.

A subsequent petition to vacate an order of support is not a substitute for an appeal, and cannot bring up for review the court's discretion in making the first order. *Com. ex rel. Skulsky v. Skulsky,* 168 Pa. Superior Ct. 635, 637, 82 A. 2d 312.

After the original unappealed from order has been made it may be reduced only upon a showing made in good faith that the circumstances existing when the prior order was made have materially and substantially

changed. *Com. ex rel. Gozzi v. Gozzi,* 163 Pa. Superior Ct. 527, 528, 63 A. 2d 121.

The burden of proving the changed circumstances is upon the person endeavoring to have the prior order changed. *Com. ex rel. Orlowitz v. Orlowitz,* 172 Pa. Superior Ct. 481, 483, 94 A. 2d 366.

After reading the entire record in this matter we are of the opinion that there has been a material and substantial change in the circumstances of the appellee since the prior order of April 23, 1951. When the prior order was made appellee's son was operating a grocery store for him. Appellee's living came largely from this store. Since then the son has left for another position. Operation of the store has ceased and appellee has been liquidating the stock and fixtures. At the time of this hearing only $200.00 worth of stock and fixtures remained to be disposed of. It was stated at the oral argument before us that appellee, at the time of the last hearing, was 75 years old and since the prior hearing has suffered several heart attacks and was in the hospital the biggest part of 1952 and 1953 and was under the care of a physician during 1954. At the time of the hearing he was under the care of a physician. His present poor physical condition has impaired his thinking so that his mind has deteriorated. His present state of health will not permit him to operate a business nor will it permit him to earn any living. He now has no income from any source and no capacity to earn any. One of his sons paid his hospital and medical bills. His only assets are a farm, a store building, home and a 1937 Packard automobile. The farm, prior to the fall of 1954, was appraised at the sum of $12,000.00. At the time of the prior hearing it was debt free. At or about the time when the prior order was made appellee mortgaged the farm and at the present time there is a balance of $6,000.00 due the

bank on this mortgage. From this mortgage money and the liquidation of the stock of goods of the store appellee has supported himself and paid on the order of support for his wife. The store building in Muncy is worth approximately four or five thousand dollars but it cannot be rented without substantial repairs being first made. The bank will not lend appellee any money on the store building. The home was originally purchased for $2,500.00 and its present fair market value was not ascertained. Appellee resides in this home and therefore it could not be rented. Appellee, at the time of the prior hearing, was paying $5.00 a week for a housekeeper but since that time he has been obliged to increase her pay to $12.00 a week in order to keep her. Appellee needs a housekeeper to take care of him. The trade-in value of the 1937 Packard automobile was stated to be $65.00.

The lower court could not have based the $7.00 order upon present income because there is none. The lower court could not have determined that appellee had any personal earning capacity because the record clearly shows none exists. By a process of elimination we conclude that the lower court's order must necessarily have been based upon appellee's property. We can find no abuse of discretion in the action of the lower court.

The decree of the lower court is affirmed at appellant's cost.