Commonwealth ex rel. Kreiner *v.* Scheidt, Appellant.

Argued March 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (WATKINS, J., absent).

*Paul C. Van Dyke,* with him *James A. Cochrane* and *Cochrane & Van Dyke,* for appellant.

*Maurice Heckscher,* with him *Lawrence R. Brown, Jr.,* and *Duane, Morris & Heckscher,* for appellee.

OPINION BY WRIGHT, J., April 11, 1957:

This is an appeal from the refusal of the court below to reduce a support order. The matter originated upon the petition of Phyllis H. Kreiner, under the Uniform Support of Dependents Law of the State of New York, requesting that her former husband, Adam M. Scheidt, be ordered to support their two minor children, Sandra E. Scheidt, aged 13, and Michael M. Scheidt, aged 12. The proceeding was transmitted to the Court of Quarter Sessions of Delaware County, Pennsylvania, the domicile of the father, for disposition under the Uniform Enforcement of Support Law.[1] At the hearing on January 27, 1956, it was established that the parties were married in 1940, and divorced in 1953; that both have since remarried; that the children were (they still are) in the custody of the mother; that the father had a net income, after taxes, of $15,000.00 a year; that he received a salary of $1000.00 a month from Adam Scheidt Ford, Inc., an automobile agency in Norristown, plus an annual bonus of $1500.00; that he owned the building occupied by the garage, which he leased to the corporation for $9,600.00 per year, less taxes of $1200.00; that he also owned a residence in St. Davids, Pennsylvania, worth approximately $35,000.00, and subject to a mortgage of $10,000.00. Following the hearing, an order was made in the amount of $350.00 a month for the two children. No appeal was taken from this order.

---

[1] Act of May 10, 1951, P. L. 279, 62 PS 2043.1 et seq.

On October 19, 1956, appellant filed a petition to modify and reduce the order.[2] At the hearing on November 30, 1956, it was established that the Adam Scheidt Ford corporation has assets of $469,519.20, and that appellant is the principal stockholder. The building which he leases to the Ford agency has a replacement cost of $100,000.00. In addition, the testimony showed that appellant is the principal stockholder in another Ford agency located in Quakertown, with assets of $165,000.00. He also owns another dwelling, which was purchased in 1943 for $14,000.00, and in which his father holds a lifetime lease without rent. Moreover, appellant is the sole remainderman of a $300,000.00 trust, of which his father is the life beneficiary. In support of his petition to modify, appellant testified that the $1000.00 monthly salary from Adam Scheidt Ford, Inc., had been cancelled, and that the two Ford agencies had operated at a total loss of $40,000.00 during the first six months of 1956. It was contended on appellant's behalf that his income, after taxes, was only $6500.00 a year. The paternal grandfather of the children testified that he voluntarily contributed $6000.00 a year to the two children in clothing, private schooling, and spending money.

"The primary duty of support rests upon the father of a child, and his obligation is not abrogated by divorce . . . The party seeking to modify a support order has the burden of showing, by competent evidence, such a change or changes in conditions as will justify modification . . . In a case of this nature, we do not interfere with the determination of the court below unless there is a clear abuse of discretion": *Commonwealth ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 101 A. 2d 452.

---

[2] Act of June 19, 1939, P. L. 440, 17 PS 263.

Appellant contends that the court below· did not fairly consider the facts, that it abused its discretion in refusing to reduce the order, and that the mother should have been required to appear and testify as to the needs of the children. He argues that the evidence at the second hearing, which showed a reduction in his income and· substantial contributions by the paternal grandfather, was not taken into account by the hearing judge, and that undue significance was attached to capital assets.

We are not persuaded that the hearing judge can be charged with error in failing to attach great weight to the voluntary payments made by the grandfather. There is no guarantee that these contributions will be continued. They are merely attendant circumstances which do not militate against continuance of the order on the father. See *Commonwealth ex rel. Groff v. Groff*, 173 Pa. Superior Ct. 535, 98 A. 2d 449; *Commonwealth ex rel. Prelec v. Prelec*, 179 Pa. Superior Ct. 422, 115 A. 2d 847.

So far as the mother's appearance in Pennsylvania is concerned, the record discloses that she was sworn and examined in the State of New York under the Uniform Support of Dependents Law. The purpose of this statute in enforcing the duty to support is the same as that of the Uniform Enforcement of Support Law: *Commonwealth v. Shaffer*, 175 Pa. Superior Ct. 100, 103 A. 2d 430. In the words of Judge HIRT in the *Shaffer* case, "since the present proceeding in the quarter sessions is only quasi-criminal in nature the respondent will not be entitled to be confronted by the wife and her witnesses at the hearing on the merits of this case". In any event, we have repeatedly held that a petition to vacate or modify an order of support is not a substitute for an appeal, and cannot bring up for review matters adjudicated in making the first or-

der. See *Commonwealth ex rel. Long v. Long,* 181 Pa. Superior Ct. 41, 121 A. 2d 888. In the absence of an appeal, the first order becomes res judicata, and is subject to future modification only upon proof of a subsequent material change in conditions and circumstances: *Commonwealth ex rel. D'Alfonso v. D'Alfonso,* 181 Pa. Superior Ct. 71, 121 A. 2d 900. See also *Commonwealth ex rel. Johnson v. Johnson,* 181 Pa. Superior Ct. 172, 124 A. 2d 423.

Appellant's principal contention is based upon the purported reduction in his income during the period between the first and second hearings. In this connection Judge BRETHERICK observed that appellant "was not, in our opinion, a credible witness". While a full disclosure of appellant's assets was purportedly made at the first hearing, the testimony at the second hearing showed an estate considerably in excess of that presented for the court's original consideration. Appellant complains that the amount of his capital estate should not be considered. However, in a support proceeding, the court is not restricted to the husband's actual earnings, but is entitled also to consider his earning power, *Commonwealth v. Williams,* 178 Pa. Superior Ct. 313, 116 A. 2d 297, and the nature and extent of his property and other financial resources: *Commonwealth ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892. This is particularly true where there may be some question as to the husband's good faith: *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886.

Although less than a year elapsed between the two hearings, appellant claimed large business losses during that period. The court below chose to regard this circumstance as a temporary recession in the automobile business, indeed no testimony was offered to show that the loss of income would be permanent. A tem-

porary decrease in income, while capital assets remain unimpaired, will not justify a reduction in the amount of a support order: *Commonwealth ex rel. Orlowitz v. Orlowitz*, 172 Pa. Superior Ct. 481, 94 A. 2d 366. In the case at bar, the hearing judge was not impressed by the fact that appellant's salary had been "eliminated" by the "board of directors", since he owns most of the stock in both corporations. A defendant may not use the fiction of a corporation in order to hide his income to the prejudice of his children. See *Commonwealth ex rel. Crandall v. Crandall*, 145 Pa. Superior Ct. 359, 21 A. 2d 236.

The order of the court below is affirmed.