Commonwealth ex rel. Atlee, Appellant, *v.* Atlee.

Submitted June 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

Nonsupport. Before SCHWARTZ, J.

*Alexander Osinoff,* for appellant.

*Benjamin R. Donolow* and *Kenneth Cooper,* for appellee.

OPINION BY RHODES, P. J., September 12, 1961:

This is an appeal by the wife from an order of the Municipal Court of Philadelphia in a nonsupport proceeding directing the husband to pay the wife $15 a week. The wife filed her petition on August 16, 1960. A hearing was held before Honorable BENJAMIN W. SCHWARTZ on September 8, 1960, at which both parties were present and represented by counsel. At the conclusion of this hearing the judge announced orally: "I will fix an order of twenty-five dollars a week." Later the same day the court, from chambers, directed that the order be only $15 per week for the wife. Notice of the entry of the fifteen dollar order was immediately given to the parties and their counsel.

The appeal to this Court by the wife poses a very narrow question. Appellant claims that the court could not, as a matter of law, change the order previously announced the same day without the parties and their counsel being present, and without showing on the record a change of circumstances of the parties.

In the present case, the court clearly had power to enter the order of $15 a week rather than $25, as announced by the court at the conclusion of the hearing the same day. The only formal order entered by the court on the very day of the hearing was the order of $15 which is now before us. The action of the court below cannot be viewed as a change; at most, it was a correction of an oral order inadvertently made. There was no deprivation of constitutional rights, nor of the right of appeal. We are not therefore concerned with the rule announced in *Com. ex rel. Long v. Long,* 181 Pa. Superior Ct. 41, 43, 121 A. 2d 888, relied on by appellant, that an order of support entered by a hearing judge and not appealed from may be reduced only by a showing of a material and substantial change in the circumstances of the parties. A trial court has complete control of judgments, orders, and decrees dur-

ing the term in which they were entered (*Bergen v. Lit Brothers,* 354 Pa. 535, 538, 47 A. 2d 671; *Com. ex rel. Howard v. Howard,* 138 Pa. Superior Ct. 505, 508, 10 A. 2d 779), and within such time can correct its order to conform to the intention of the court (*H. H. Robertson Company v. Pfotzer,* 150 Pa. Superior Ct. 457, 460, 28 A. 2d 721).

The amount which a defendant should be ordered to pay in a nonsupport case is largely within the discretion of the trial judge, and his order will not be disturbed in the absence of a clear abuse of discretion. *Com. ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 647, 98 A. 2d 437; *Com. v. McAlaine,* 193 Pa. Superior Ct. 27, 30, 163 A. 2d 711. The testimony taken at the hearing before Judge SCHWARTZ shows that the parties were married on May 17, 1959, and separated on July 24, 1960. The wife is thirty-nine years of age. The husband, aged fifty, is a police officer of the City of Philadelphia earning approximately $86 per week. Defendant, a widower at the time of his marriage to appellant, supports two sons, aged sixteen and eleven, who live with him. The wife, who was undergoing treatment for a nervous condition, left their home on June 26, 1960. When she attempted to return three weeks later, defendant refused to take her back. In entering a final order of $15 a week rather than $25, the court below took into consideration the fact that defendant supported his children in his own home; also that the wife could probably resume employment in which she had been engaged prior to the marriage. On the evidence in the record, we find no abuse of discretion on the part of the hearing judge in entering a final order of $15 rather than $25. There was no lack of due process; nor was the action of the court improper in entering a final order in a lower amount than that previously announced on the same day at the conclusion of the hearing.

The order is affirmed.