## Commonwealth ex rel. Stanley, Appellant, *v.* Stanley.

Argued March 26, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Joseph T. Labrum, Jr.,* with him *William F. Keating,* and *Lutz, Fronefield, Warner & Bryant,* for appellant.

*Garland D. Cherry,* with him *Kassab, Cherry & Curran,* for appellee.

OPINION BY MONTGOMERY, J., April 12, 1962:

In this action for support in which liability was admitted, appellant-relator was awarded $175 per week for herself and for her four children, but has appealed, nevertheless, on the ground of inadequacy. A fifth child lives with an aunt and is being supported by the

appellee-husband and father. Appellee is required to pay, in addition to the weekly payments, all necessary medical expenses.

Both the appellant and appellee are physicians. She is presently in residency at a Philadelphia hospital and has a net take home pay of $156 per week, but there is a possibility that her situation will soon change. She may continue with the Veterans' Administration or commence the conduct of a private practice of her profession.

Appellant and her children occupy the home in which the family resided together before their difficulties. In fact, respondent continued to live there but in a separate room from relator at intervals up to the time of the hearing. However, the order was based on his departure therefrom and on her assuming payments of $205 per month on the mortgage on the home property, which is held by them as tenants by the entirety. The home and the children are maintained by the employment of two maids who are each paid $50 per week and maintenance. Appellant claims the expenses of maintaining the home and her children total $375 per week.

For the years 1959 and 1960 the parties filed joint income tax returns showing the following:

| 1959 Gross income | $ 93,000.00* |
| Net income before taxes | 38,423.00 |
| Net income after taxes | 26,000.00 (approx.) |
| 1960 Gross income | $ 92,000.00* |
| Net income before taxes | not shown |
| Net income after taxes | not shown |
| For 1961—January 1 to August 31 | |
| Gross income | $ 56,433.49* |
| Net income before taxes | 25,522.19 |
| Net income after taxes | 13,520.00 |

---

* Gross income of husband alone.

The large variance between gross income and net income before taxes is due to large office expenses including a payroll of about $2,000 per month, which includes an assistant doctor, rent of $400, and many other necessary items. From his net income appellee maintains an insurance program for the benefit of his children which costs him $150 per month.

The lower court calculated respondent's useable income to be about $357.40 per week, which is supported by the record. The award to the relator was about one half of the amount which together with her own net earnings gives her approximately $330 per week as compared with his remaining useable weekly income of $180 from which he must maintain his position in the community and profession, and maintain the daughter, who lives with her aunt, and himself in separate quarters.

In the light of this analysis of the financial positions of these two people we cannot say that the hearing judge abused his discretion. On the contrary, it would seem that he has exercised sound and reasonable judgment.

However, as we have often stated, should the situation of the parties change, which may occur if the relator's residency at the hospital is terminated, the lower court has the right to adjust this order so as to accomplish equity and justice between the parties. *Commonwealth ex rel. Marvin v. Marvin,* 193 Pa. Superior Ct. 179, 164 A. 2d 128; *Commonwealth ex rel. Trichon v. Trichon,* 189 Pa. Superior Ct. 395, 150 A. 2d 176.

We concur with the statements of the law, recited by the learned counsel for relator in his brief, that the station in life of the parties must be considered in setting the amount of a support order, and that the relator should not be restricted to the cost of bare necessities. On the other hand it is equally well established that other factors must be taken into considera-

tion, viz., the necessity for the husband and father to maintain himself, the sufficiency of his ability to pay the sum his family needs to maintain its station as he previously established it for them, and the reasonableness of his family demands. Hard and fast rules cannot be established in these cases. Much is left to the discretion of the judge hearing the case. *Commonwealth ex rel. Taylor v. Taylor*, 193 Pa. Superior Ct. 519, 165 A. 2d 394.

Relator complains further that the lower court accepted uncorroborated statements of the respondent and his accountant concerning his office expenses and his own living expenses. The lower court is the arbiter of the facts and it was for the hearing judge to pass on these matters. *Commonwealth ex rel. Marvin v. Marvin*, supra. It is difficult for us to see how relator can now question the validity of the business expenses since she was a party to the 1959 and 1960 income tax returns, wherein they were included and certified to be correct. Appellee did testify that he needed one half of his useable income for the maintenance of himself and one daughter.

Relator's final complaint concerns the court's refusal to make separate awards to the wife and the children. We are, of course, aware that the federal income tax laws and regulations affect these awards and that tax returns can be filed in various ways to take advantage of privileges granted by them. *Hecht v. Hecht*, 189 Pa. Superior Ct. 276, 150 A. 2d 139. However, in this case, throughout the proceedings relator was asking for a lump sum of $300 per week for herself and children. It was not until after the amount of the award was stated that relator made her request for its division. In view of the fact that the husband-respondent did not wish it apportioned, and the fact that the parties customarily filed joint returns, we cannot say that the lower court abused its discretion when it re-

fused to accede to her request. If the situation changes and the parties elect to file separate returns, to the serious disadvantage of the relator, the lower court may then determine whether to apportion the present order or adjust it.

Order affirmed.