## RUTHENBERG *v.* RUTHENBERG

[No. 316, September Term, 1961.]

*Decided June 15, 1962.*

Submitted on the brief to BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Submitted by *R. Lewis Bainder* for appellant.

Submitted by *Solomon Liss* for appellee.

PER CURIAM.

This appeal is from an order of court dated November 29, 1961, denying a petition by Ruth Ruthenberg, appellant, to have the Circuit Court No. 2 of Baltimore City revise nunc pro tunc two alimony pendente lite orders. The first, dated May 7, 1958, ordered her husband, Leon Edward Ruthenberg, the appellee, to pay $75.00 per week to his wife, subject to the further order of the court. The second, dated August 5, 1958, ordered the husband to pay $100.00 per week to the wife, effective June 2, 1958. By decree dated February 23, 1960, the appellant was divorced a vinculo matrimonii from the appellee. The decree by its terms approved an agreement between the parties dated January 5, 1960, relative to custody of two minor children, alimony, and property rights; required the appellee to pay to the appellant $57.50 per week, accounting from the date of the decree, for the support and maintenance of the children; and stated that no right of alimony shall accrue to the appellant from the appellee by virtue of her express waiver thereof. The petition for modification nunc pro tunc was filed April 27, 1961, and requested the court to modify the pendente lite orders so as to allocate a substantial portion of the amount required to be paid under each of these orders specifically for the support of the two minor children of the parties. The purpose of the belated petition for modification, although it does not appear in the petition, was found by the chancellor in his opinion to have been precipitated by a claim asserted against Mrs. Ruthenberg by the Internal Revenue Service for income taxes claimed to be due on the

entire sum received by her under those orders. Both of the orders sought to be modified were issued after hotly contested hearings before a master in chancery, each of the parties being represented by counsel (neither counsel now representing either of the parties).

The chancellor (Byrnes, J.), after taking testimony from the appellant and hearing argument from counsel, dismissed the petition. In his opinion he commented that the customary form of alimony pendente lite order was used in this case and that such orders, being temporary in nature, are not usually drawn with that attention to detail which is given to permanent orders. He stated that if counsel had reason to believe that the use of the customary form would work a hardship on his client, he was obligated to draft an order which would have met the needs of his particular case; noted that the orders in question were passed after lengthy and contested hearings and that the petitioner was represented by capable and experienced counsel; and that to grant the relief prayed by the petitioner at that time "would constitute an exercise of judicial discretion not warranted by the facts."

Neither this Court, nor the court below, has the means of determining whether the orders would have been the same if the master had known that it was intended by the wife that the husband should be required to pay taxes on the sums ordered to be paid. It is quite possible that the allowance made in the two orders might have been substantially different if this matter had been called to the attention of the master. Assuming without deciding that the chancellor had the power to modify the pendente lite orders nunc pro tunc, we find no abuse of discretion in this case.

The trial court undoubtedly had the power to issue the orders in the form providing for lump-sum payments, *Donigan v. Donigan,* 208 Md. 511, 521, 119 A. 2d 430; *Hull v. Hull,* 201 Md. 225, 234, 93 A. 2d 536; *Cullotta v. Cullotta,* 193 Md. 374, 385, 66 A. 2d 919; although it would have been better to specify how much was alimony for the wife and how much was support for the children.

*Order affirmed, costs to be paid by appellant.*