Commonwealth *v.* Fischhoff, Appellant.

Argued June 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Emanuel Fischhoff,* appellant, in propria persona.

No argument was made nor brief submitted for appellee.

OPINION BY MONTGOMERY, J., September 13, 1962:

Appellant is a dentist and has been separated from his wife before and since October 28, 1960. There are no children to the union with his present wife, although he has two children now over 18 years of age from a prior marriage.

On October 28, 1960, by order of Hon. ROBERT W. HONEYMAN, appellant was ordered to pay $45 per week to his wife for her support. At that time he contended his net annual earnings were not over $4,619. However, the court thought he had a greater earning capacity and based the order on what it thought he could earn rather than on what he contended he did earn. Apparently there was no evidence to prove he actually earned more than he contended. His appeal, taken from that order, was withdrawn and, therefore, the order remains as a valid adjudication as of that time and establishes his liability until his conditions change. *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A. 2d 147.

Since that time he has petitioned for a reduction in the amount of same on three occasions and his petitions have been dismissed each time, the court still believing that he could and was earning more than he said he was earning.

His last petition is based on the fact that his net income in 1961 was $3,385, whereas in 1960 it was $4,619; that he has become more involved in debt; has driven his automobile over 100,000 miles and is in need of a replacement; that he has been attached for

nonpayment of this order so frequently (and confined to jail on one or two occasions) that what capacity he ever had to earn money as a dentist has been reduced to the point that his future is hopeless.

He has offered to submit his income tax returns in support of his contention that he has not made more money than he states, and refers to the internal revenue service to support his statement.

In the absence of any contrary evidence, and the support given by the record of his case as to his attachments, and our observation of appellant as he appeared and argued his case without counsel, we are of the opinion that it was unreasonable for the lower court repeatedly to brush aside his contentions as merely unbelievable.

Although we are reluctant to interfere with the judgment of and the discretion exercised by the lower courts in these matters, particularly since such orders are subject to change, nevertheless, we are of the opinion that appellant's order of $45 per week is too high under his changed circumstances, and, therefore, reduce it to $35 per week, effective as of December 29, 1961, the date his last petition for reduction was filed.

Appellant to pay the costs of this appeal.

Order of the lower court affirmed in the reduced amount.