Opinion by
Wright, J.,
■ We are-here concerned for the second -time with a support proceeding which has been bitterly contestéd between Morris N. Kallen and his wife.-' The present appeal has been taken by the husband from-ah order of the County Court of Philadelphia amending the order previously in effect. The right of the wife to support has never been questioned. The sole issue is thé ¿mount of the order.
The parties were married on Juné 7, 1941, and separated on June 10, 1962. -They-' have' one son, born May 10, 1947. On September 24, 1962, the court below ordered appellant to pay $225.00 per week for the support of his wife and son, who was then living with the wife. On April 18, 1963, we affirmed this- order; See Commonwealth ex rel. Kallen v. Kallen, 200 Pa. Superior Ct. 507, 190 A. 2d 175.
• . As of June 14, 1963, appellant commenced to reduce his payments under the order by the sum of $67.00 per week’ on the ground that the' son had come to live with him. On July -25, 1963, an attachment was issued' On August 15, 1963, appellant filed a petition to reduce the order. On August 19, 1963, he filed a pétition for retroactive credit. On August 22, 1963, the wife filed a petition to incréase the order on the ground that she was obliged to pay income tax on the *502 amount received because of appellant’s refusal to continue filing joint tax returns.
Testimony on these petitions was taken at a hearing on August 26, 1963. On September 5, 1963, the court below entered the order from which the instant appeal has been taken. It provided that, in view of the wife’s tax obligation, the original order of $225.00 per week should be increased in the amount of $35.00 per week, and that the husband should then be allowed a credit of $60.00 per week, so long as the son resides with him. The husband’s petition for retroactive credit was denied. The net effect of the amended order is that the husband is now required to pay the sum of $200.00 per week.
Appellant’s present counsel first contends that the amount of the order exceeds one-third of appellant’s earning capacity. It should be noted that the only change in circumstances alleged by appellant in his petition for reduction was that his son had come to live with him. The matter of earning capacity was not brought into issue at the hearing on August 26, 1963. Appellant is nevertheless attempting to have us reconsider items of income reviewed and adjudicated in Judge Montgomery’s opinion disposing of the prior appeal. He found appellant’s net income from his profession to be $26,033.61, and the net worth of his capit tal assets to be $324,750.00. Income which can be reasonably earned from capital assets is a proper matter for consideration in determining the amount of a support order: Commonwealth ex rel. Gutzeit v. Gutzeit, 200 Pa. Superior Ct. 401, 189 A. 2d 324. If we add to the husband’s professional income a modest return on the value of his capital assets, it is readily apparent that the gross figure is more than three times the amount of the order. In a support proceeding, the judgment of the hearing judge as to the husband’s earning capacity will not be disturbed on appeal in the *503 absence of a clear abuse of discretion: Commonwealth ex rel. Sosigian v. Sosigian, 202 Pa. Superior Ct. 188, 195 A. 2d 883.
It is further argued that the wife’s tax liability existed on September 24, 1962, when the original order was entered, and that her petition for an increase is being improperly substituted for an appeal from that order. Cf. Commonwealth ex rel. Kreiner v. Scheidt, 183 Pa. Superior Ct. 277, 131 A. 2d 147. The difficulty with this contention is that, when the original order was entered, the husband followed the practice of filing joint income tax returns, and the hearing judge did not contemplate that the wife would have any tax liability. This clearly appears from the colloquy set forth in the footnote.[1] In determining the amount of a support or *504 der the effect of income tax upon, the parties is a proper matter for consideration: Hecht v. Hecht, 189 Pa. Superior Ct. 276, 150 A. 2d 139. An election to file separate instead of joint returns constitutes a change in situation which warrants adjustment in the amount of the order:'. Commonwealth ex rel. Stanley v. Stanley, 198 Pa. Superior Ct. 15, 179 A. 2d 667.
; It is argued finally that appellant should be entitled to. the'credit of $60.00 per week from June .14, 1963, when the son came to live with him, rather than from September 5, 1963, the- date of the amended order. No authority is offered for the proposition that retroáctíve credit is mandatory. The only case cited is Commonwealth v. Bishop, 185 Pa. Superior Ct. 362, 137 A. 2d 822, in which, we required a father to support two minor children living with their mother, notwithstanding an order of custody placing the children with the father. The Bishop Case has no relevancy whatever in the present situation. A case more closely in point, bht still not decisive of the exact issue, is Commonwealth ex rel. O’Hey v. McCurdy, 199 Pa. Superior Ct. 115, 184 A. 2d 291. Appellant took it upon himself to reduce his payments without court sanction, and delayed for over two months the filing of his petition for reduction! In fact, he acted only after an attachment had been issued. It is our view that the grant, of retroactive credit was a matter within the sound disr cretion of the hearing judge, and we perceive no abuse of that discretion.
Order affirmed.

 “The Court: On the other hand, Mrs. Kallen is going to have an extra expense because of the tax situation. Of course, this tax situation was brought about by Dr. Kallen’s actions. Is that correct? Mr. Shapiro: Yes. The Court: He does not want to file a joint return. Mr. Shapiro: Last year it paid him to do it. He only paid her for three months. The Court: Regardless of what his reasons are, that is the situation, is it not? Mr. Levin: I think it is the duty of a lawyer to advise his client how to get the best tax advantage possible. The Court: There is no question about that. But she is going to have $2660 less than the gross amount I awarded. Mr. Levin: You mean because of the tax situation? The Court: Yes, because of a change in the tax structure of the two parties. Mr. Levin: That must have been contemplated origiginally. The Court: No. Mr. Shapiro: No. The Court: I did not contemplate anything except the conditions that existed at that time. Mr. Shapiro: He made a joint return at that time. Mr. Levin: Nobody thought of what it would really mean to her? The Court: That is right . . . Mr. Levin: Well, I don’t think the tax problem is a ground for increasing the support order. The Court: You cannot leave it hanging in the air. Mr. Levin: As I read the cases, there has to be a change in circumstances. The Court: This is a change in circumstances, the fact she now has to pay this income tax. Mr. Levin: It was there the day you made the order. The Court: No, it was not in contemplation at all”.