Commonwealth ex rel. Schmitz, Appellant, *v.* Schmitz.

Argued June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Joyce Ullman,* for appellant.

*Norman Rosengarten,* with him *Howard M. Goldsmith,* and *Rosengarten & Goldsmith,* for appellee.

OPINION BY VAN DER VOORT, J., December 1, 1975:

Appellant, Wilhelmina Schmitz, and appellee, Joseph H. Schmitz, were married on December 2, 1933. In 1966, the couple separated, Wilhelmina remaining at their Philadelphia home, Joseph moving to a jointly-owned residence in Warminster. In January of 1969, an agreement was signed and an Order entered pursuant to the agreement, whereby Joseph became obligated to pay Wilhelmina $100.00 per month for support. By April of 1973, Joseph had fallen four months behind in his payments, and Wilhelmina filed a Petition for Attachment. At a hearing held on June 20, 1973, Joseph was ordered to pay $400.00 by July 17, 1973, and the matter was continued to permit him to file a petition to reduce or vacate

the support order. The petition was filed by Joseph on July 9, 1973. Joseph paid the $400.00 as required by the Order of June 20, 1973, but subsequently stopped all support payments, so that the arrearages amounted to $2,800.00 on April 3, 1975, when the matter finally came before the Court.

At the April 3, 1975 hearing, testimony was given by both parties, and depositions (which had been taken on May 7, 1974) were made part of the record. Although no expense sheet for either party was made a part of the record, it appears that each party lives in a house which is fully paid for, and that each party has only the normal expenses of day-to-day living. The record indicates that appellee's total monthly income (primarily from pension and social security) totals approximately $410.00 per month; appellant's total monthly income is $127.00 per month (from social security). After hearing the testimony and considering the matter, the lower court, by an Order entered April 3, 1975, reduced the amount of support to $60.00 per month, and ordered the husband to pay $10.00 per month on the arrearages. Appeal was taken to this Court by Wilhelmina Schmitz from the Order of April 3, 1975.

Appellant's argument, basically, is that the lower court judge abused his discretion in reducing the amount of support from $100.00 per month to $60.00 per month, and in requiring appellee to pay only $10.00 per month on the arrearages. Before a lower court modifies an order of support, there must be evidence of some change in circumstances, with the burden on the party seeking to modify the order to show by competent evidence such a change of circumstances. *Shuster v. Shuster*, 226 Pa. Superior Ct. 542, 323 A.2d 760 (1974). The record in the case before us is barren of any evidence of change of circumstances. Not only did appellee fail to present any such evidence, but the trial court refused to permit appellant to present evidence showing *no* change of cir-

522

cumstances. Normally this Court will not reverse in matters of support unless there is an abuse of discretion on the part of the lower court. *Commonwealth ex rel. Fishman v. Fishman*, 213 Pa. Superior Ct. 342, 247 A.2d 810 (1968). Since there is no evidence in the case before us of change in circumstances, we find that the lower court abused its discretion in modifying the original support order. In addition, we find that the amount which the lower court ordered appellee to pay on the arrearages ($10.00 per month) is too low. Not wishing to place an undue financial burden on appellee, but with the aim of seeing the arrearages reduced within the lifetime of the parties, we order appellee to pay $25.00 per month on the arrearages.

The Order of April 3, 1975, is reversed and vacated, the original Order of support in the amount of $100.00 per month is reinstated, and appellee is ordered to pay in addition to the $100.00 per month on the regular order, the sum of $25.00 per month on the arrearages.

HOFFMAN, J., did not participate in the consideration or decision of this case.