369 A.2d 309
COMMONWEALTH of Pennsylvania ex rel.
Gloria EPPOLITO

v.

Charles C. EPPOLITO, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Nov. 22, 1976.

94

James N. Peck and Harry N. Moran, Jr., Norristown, for appellant.

Michael J. O'Donoghue, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from an order allocating a prior support order one-half to appellee-wife and one-half to the parties' daughter. Appellant contends that the lower

court was not warranted in making either a retroactive or a prospective modification. For the reasons hereinafter stated, we affirm in part and reverse in part.

The original order dates back to 1963, but the issues before us go back only to 1968 at which time the lower court ordered appellant to make weekly payments for the support of his wife and daughter. Although this order was revised several times over the years,[1] the court never specifically allocated the order between the wife and daughter. Appellant has taken an income tax deduction for the total amount of the payments since the inception of the order. Appellee, however, has treated one-half of the amount as support for the daughter and has therefore returned only one-half of the combined award as income.[2] In 1975, the Internal Revenue Service audited appellee's tax returns and assessed a one hundred (100%) per cent tax liability upon her for all support payments received from appellant. Appellee then presented a petition to have the support order allocated one-half to her and one-half to the daughter, effective July, 1968. This appeal followed the lower court's order allocating the support payments. Both parties interpret the order as being retroactive to July, 1968.

 That a petition to modify an order of support is not a substitute for an appeal and cannot bring up for review matters adjudicated in making the first order is established by a long line of authorities. *Commonwealth ex rel. Kreiner v. Scheidt*, 183 Pa.Super. 277, 131 A.2d 147 (1957); *Commonwealth ex rel. Long v. Long*, 181 Pa.Super. 41, 121 A.2d 888 (1956). The first order, in the absence of an appeal, is subject to modification only

1. At the time appellee presented her petition for allocation, the order in her and her daughter's favor was for $117.50 per week.

2. Counsel for appellee alleges an agreement with the Internal Revenue Service, entered into in 1968, whereby fifty (50%) per cent of the payments received were not to be taxed since they were for the support of the daughter.

when the circumstances have materially and substantially changed, with the burden on the party seeking modification to show such a change in circumstances. *Commonwealth ex rel. Schmitz v. Schmitz*, 237 Pa.Super. 519, 352 A.2d 103 (1975); *Shuster v. Shuster*, 226 Pa.Super. 542, 323 A.2d 760 (1974); *Commonwealth ex rel. Naselsky v. Naselsky*, 199 Pa.Super. 270, 184 A.2d 288 (1962). In proceedings of this nature, we are hesitant to interfere with the determinations of the court below and will not reverse unless there has been a clear abuse of discretion. *Commonwealth ex rel. Schmitz v. Schmitz*, supra.

 We have repeatedly held that the effect of income taxes upon the parties is a proper matter for consideration in determining the amount of a support order. *Hecht v. Hecht*, 189 Pa.Super. 276, 150 A.2d 139 (1959). The federal income tax laws and regulations affect awards to the wife and children, and tax returns can be filed in various ways to take advantage of them. *Commonwealth ex rel. Stanley v. Stanley*, 198 Pa.Super. 15, 179 A.2d 667 (1962). We do not attempt here to construe the Internal Revenue Code, nor do we wish to convert our state courts into courts for the adjustment of federal taxes. However, it appears from a cursory examination of the Internal Revenue Code that deductibility to the payer is generally defined in terms of includibility of the amounts in the gross income of the recipient. The portion of an award that is specifically allocated to child support is neither deductible to the payer nor taxable to the recipient. If a combined award is granted without a specific allocation, the entire amount is deductible by the payer and includible in the gross income of the recipient.

 We are satisfied that an award originally entered with no decreed allocation may later be modified by the court to make such an allocation. A question that arises, however, is whether proof of a material change in

circumstances is required when the court allocates a prior support order without changing the gross weekly amount of the award. In *Commonwealth ex rel. Stanley v. Stanley,* supra, we reviewed an order directing appellee-husband to pay a stated weekly amount for the support of his wife and children. After the award was granted, appellant made a request for its allocation which the court refused. While holding that it was not an abuse of discretion to deny the allocation requested by the wife, we stated that "[i]f the situation changes and the parties elect to file separate returns . . . the lower court may then determine whether to apportion the present order or adjust it." *Id.* at 20, 179 A.2d at 669. The practical effect of allocating the instant order is to shift the tax liability on that portion of the award intended as child support. Tax consequences are present even though the gross amount of the award will remain constant. Although cases in other jurisdictions might be read as permitting either party to apply to the court at any time for an allocation,[3] we believe that the power of a court to modify an existing support order encompasses the power to allocate, and that proof of a material and substantial change in circumstances is therefore required.

In the instant appeal, appellee contends that circumstances have changed in that the Internal Revenue Service has audited her prior tax returns and now seeks to impose a one hundred (100%) per cent tax liability upon her for all support payments received from her husband. Appellant argues that this does not constitute a change warranting adjustment of the original order; "it is simply an assessment of a debt (income tax) which should already have been paid *from the very fund* here in question." Appellant's Brief at 5. We agree with appellant that appellee's tax liability is a circumstance that

3. *See* Annot., 78 A.L.R.2d 1107 (1961).

has existed since the original order was promulgated. Nevertheless, we find that the lower court was justified in modifying the support order by allocating the combined award. In *Commonwealth ex rel. Kallen v. Kallen,* 202 Pa.Super. 500, 198 A.2d 331 (1964), appellee-wife filed a petition to increase an order of support contending that she was obliged to pay income tax on the amount received because of appellant-husband's refusal to continue filing joint tax returns. Appellant argued that the petition was improperly being substituted for an appeal since the wife's tax liability existed when the original order was entered. In disposing of this contention, we were satisfied that the hearing judge did not contemplate that the wife would have any tax liability when the original order was entered. The fact that she now had to pay income taxes was held to constitute a change in circumstances warranting an adjustment in the amount of the order.

Although the original order in the instant case was never allocated, the lower court states in its opinion that it always intended to allocate. The language of the decree clearly indicates that a portion of the weekly payments made by the appellant to his wife was intended for the support of his daughter. While both parties contemplated that part of the support payments would be applied for their daughter's benefit, the present record indicates that neither party requested an allocation of the original order. Appellee, by her petition for allocation, was not endeavoring to secure a review of matters previously considered by the lower court. The income tax consequences of an unallocated order were not presented or settled in the prior order. There was no abuse of discretion in directing an allocation when the lower court found that the present effect of the wife's tax liability on the portion intended as child support, in light of her present needs, was to frustrate its original order. We conclude that the lower court was justified in holding

that a material and substantial change in circumstances necessitated a present allocation of the prior order.

The lower court's order, however, as interpreted by the parties, must be modified in one significant respect. The prior order was allocated, one-half to the wife and one-half to the daughter, as of 1968. Appellee, however, did not present her petition for allocation until seven years after the original order was entered, and she was under no obligation to expend any particular amount for child support until the total award was allocated for the separate purposes. It would be pure speculation to now assume that appellee has applied a full fifty (50%) per cent of these payments to the support of the daughter.

Our attention has been called to no case where a Pennsylvania appellate court considered an order retroactively allocating a combined award. Assuming without deciding that the trial court had the power to make such a retroactive modification, the Maryland Court of Appeals in *Ruthenberg v. Ruthenberg*, 229 Md. 118, 182 A.2d 347 (1962) found no abuse of discretion in the lower court's refusal to do so. Similar to the case presently before us, the evidence disclosed that the Internal Revenue Service was attempting to tax the wife on the total amount of the combined award. By her petition for modification, she was endeavoring to prevent a tax on that portion of the award intended as child support. In denying her request the court stated:

> "Neither this Court, nor the court below, has the means of determining whether the orders would have been the same if the master had known that it was intended by the wife that the husband should be required to pay taxes on the sums ordered to be paid. It is quite possible that the allowance made . . . might have been substantially different if this matter had been called to the attention of the master." *Id.* at 120, 182 A.2d at 348.

While we are satisfied that the lower court could modify the decree prospectively, we recognize that retroactivity generally has no place in the determination of support obligations. *Commonwealth ex rel. Lipsky v. Lipsky*, 214 Pa.Super. 215, 251 A.2d 729 (1969); *Commonwealth ex rel. Slossberg v. Slossberg*, 208 Pa.Super. 419, 222 A. 2d 490 (1966); *Commonwealth ex rel. Gutzeit v. Gutzeit*, 200 Pa.Super. 401, 189 A.2d 324 (1963); *Commonwealth ex rel. Edelman v. Edelman*, 193 Pa.Super. 570, 165 A.2d 92 (1960). The lower court justified the retroactive allocation as being in accordance with its original intention. Appellant's situation after allocation, however, is not the same as though the order had been allocated from the very beginning. In charging appellant $117.50 per week between the date of the original order and the date of the order allocating the total award, but without the benefit of the full income tax deduction, the lower court in effect is increasing its judgment retroactively. This the lower court cannot do.

Order reversed in so far as it is retroactive but affirmed in all other respects.

SPAETH, J., files a concurring opinion in which CERCONE, J., joins.

SPAETH, Judge, concurring:

I agree with the majority's result, but I do not think there was any change in circumstances.

The majority cites *Commonwealth ex rel. Stanley v. Stanley*, 198 Pa.Super. 15, 179 A.2d 667 (1962), where we agreed that it was not an abuse of discretion for the lower court to deny the allocation requested by the wife only after the award was made. There we said:

If the situation changes and the parties elect to file separate returns . . . the lower court may then

determine whether to apportion the present order or adjust it.

198 Pa.Super. at 20, 179 A.2d at 669.

Accordingly, in *Commonwealth ex rel. Kallen v. Kallen,* 202 Pa.Super. 500, 198 A.2d 331 (1964), we found that the husband's refusal to continue to file a joint income tax return constituted a change in circumstances allowing the lower court to adjust the amount of the award because of the tax consequences.

The present case, however, does not fit within *Stanley* and *Kallen,* for here, when the order was modified in 1968, the parties were already filing separate tax returns. The Internal Revenue Service audit has affected the wife and daughter not because of any change in circumstances but because it has brought to light a mistake on the part of the lower court. It is evident from a review of the record, including the notes of testimony, that the court intended the order to be for the benefit of the wife and daughter. The court should, therefore, have provided in the order for an allocation between the wife and daughter. I do not think we need to go beyond this fact. A court should always be allowed to correct a mistake, so long as no injustice will result. Injustice would result, were the correction here made retroactive, but not if it is only prospective.

CERCONE, J., joins in this opinion.