443 A.2d 1187

COMMONWEALTH of Pennsylvania ex rel. Betty Jane KUNKIN

v.

Alan BRUCK.

Appeal of Betty Jane KUNKIN.

COMMONWEALTH of Pennsylvania ex rel. Betty Jane KUNKIN

v.

Alan BRUCK, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed April 2, 1982.

Nathan L. Posner, Philadelphia, for Betty Jane Kunkin.

Parker H. Wilson, Norristown, for Alan Bruck.

Before SPAETH, CAVANAUGH and O'KICKI,* JJ.

O'KICKI, Judge:

This appeal arises from an Order of the Court of Common Pleas of Montgomery County. Appellant and appellee were married on June 25, 1961. Two children were born, Christopher Bruck born September 2, 1963 and Matthew Bruck born February 26, 1967. The parties separated in 1970 and in 1973 appellant sued for support on behalf of herself and

---

* Pres. Judge Joseph F. O'Kicki, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

her two children. That petition was withdrawn upon the execution of a written property settlement agreement dated October 16, 1973, which dealt with support and other matters. The support proceeding was not terminated. Thereafter, the parties were divorced in March, 1974. Following the divorce, appellant married Leonard Kunkin. The two children reside with their mother, the appellant.

In 1978, appellant renewed her petition for a support order for the two boys. At the time this new complaint for support was filed, appellee was complying with the parties' written settlement agreement by paying the sum of $165.00 per week to appellant and making additional miscellaneous payments as required by the agreement. Hearings were duly held on this complaint and on December 5, 1978, the Court below entered an order directing appellant to pay the sum of $250.00 per week for "the support of his two children..." Continuing, the Court directed that the sum is to be "paid in accordance with the provisions of paragraph 17 of the Separation Agreement." The Court, after consultation with counsel for both parties, vacated this order on January 4, 1979, and entered an amended order wherein appellee was again directed to pay $250.00 for support; however, reference to his two children was omitted, and the direct reference to paragraph 17 was omitted. In its place, the Court now directed that "The said sum is to be paid in accordance with the provisions of the agreement between the parties dated October 16, 1973."

Appellant appealed on behalf of her two sons. She challenges that part of the Trial Court's order which directs payment in accordance with the agreement and the omission of an order specifying that appellee's payments are for the support of the two minor boys. The appellee has, thereafter, filed a cross-appeal.

Appellant objects to the Trial Court's entry of an amended order contending that it had no authority to vacate its original order. Appellee contends, on the other hand, that this objection cannot be considered by this Court because she waived it by not raising it in the statement of

matters objected to, filed pursuant to Court direction and Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. We find no merit in either of these arguments.

Rule 1925(b) states, in pertinent part:

... A failure to comply with such direction *may* be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of. (Emphasis ours)

As can be seen from the emphasized language alone, the appellate court has discretion in treating the failure to raise an objection as a waiver of that objection. Further, the note to that rule, in conjunction with case authority, sets out some guidelines to consider when exercising this discretion.

The note to Rule 1925 states that "subdivisions a and b of this rule ... eliminate the blanket requirement of the prior practice for a service of a statement of matters complained of." In addition, *Commonwealth v. Crowley,* 259 Pa.Super. 204, 393 A.2d 789 (1978), held that if the failure by defendant's counsel to comply with the provisions of this rule requiring filing of a statement of matters complained of defeats effective appellate review of a given issue, then that failure should be considered a waiver of the issue; however, if failure does not defeat or even interfere with ability of the appellate court to exercise review, that failure should not be considered a waiver.

Appellant's objection to Court authority to modify an order is purely procedural in nature. This type of question, as opposed to that dealing with substantive fact, is readily reviewable by the appellate court. Whereas a factual question clearly would entail a setting out of such an objection, so that the reviewing Court would have necessary information on the matter, which it may not be aware of without the statement of matters complained of, such information is not imperative at that stage when dealing with a question of procedure. The reviewing court can deal with a rule or statute with the same degree of effectiveness, whether raised at the earlier or later stage. Thus, since appellant's failure to raise the objection in her statement does not

defeat, or even interfere with, the appellate court's ability to exercise review, that failure should not, and is not, considered a waiver by this Court.

■ However, although appellant's objection is properly before us, we must dismiss it on the merits as urged by appellee. 42 Pa.C.S.A., Section 5505 states:

Except as otherwise provided or prescribed by law, a Court upon notice to the parties may modify or rescind any order within 30 days after its entry notwithstanding the prior termination of any term of Court, if no appeal from such order has been taken or allowed.

As is evidenced by the statute, the Trial Court clearly had the authority to vacate its original order and enter its amended order within the 30 day period.

■ Appellee raises a question of the Trial Court's abuse of its discretion in the amount of the support award both in his brief and his cross-appeal. He contends that $250.00 per week was in excess of expenses, which are reasonably necessary to maintain the parties' two minor children. Appellant, on the other hand, contends that the two boys are entitled to that support order.

The obligation of a father to support his children is universally acknowledged. It is founded both in common law and the Act of December 6, 1972, P.L. 1482, No. 334, Section 1 (18 P.S. 4322(b)); *Commonwealth ex rel. Krouse, v. Krouse*, 221 Pa.Super. 13, 289 A.2d 233 (1972). As provided in the above-cited Act, the Courts have the power to "order ... such sum as said Court shall think proper for the comfortable support and maintenance of the said wife or children or both..."

■ Both appellant and appellee have submitted itemized expense accounts for the maintenance of the two boys. Appellant's account totals $558.63; appellee's totals $267.93. Although appellant's estimate may be quite excessive, it does not affect the Trial Court's reasoning in determining the award amount in view of the fact that appellee himself estimates the needed amount as higher than the support

award order entered (i.e. $250.00 per week). Appellee came to his account estimate after a substantial modification of appellant's figures and his figure, even so, was greater than the Court's award. In view of this, we feel the Trial Court was in a position to evaluate the situation more clearly. "A reviewing court will overrule a Trial Court's determination of a support order only in the event of a clear abuse of discretion. *Commonwealth ex rel. Platt v. Platt*, 227 Pa.Super. 423, 323 A.2d 29 (1974). When looking at the facts and figures of the case, we find no such clear abuse of discretion by the Trial Court.

The major thrust of appellant's argument is that the order of $250.00 a week should have clearly stated that the payments were for child support rather than, as is the case, stating that the payments were to be made "in accordance with the provisions of the agreement between the parties dated October 16, 1973." This provides for a combined support payment for wife and children. That portion of the combined payment which was for appellant's benefit was alimony and taxable to her. *Internal Revenue Code of 1954, Section 71(a)* Act of August 16, 1954, c. 736, 68A Stat. 19, 26 U.S.C.S. Section 71. On the other hand, to the extent the $250.00 ordered by the Trial Court is for child support, it is not includible in her taxable income. *Internal Revenue Code, Section 71(b)*, supra. From appellee's standpoint, alimony is deductible from his taxable income, while child support is not. *Internal Revenue Code of 1954, Section 215* ; supra.

■ Appellant argues that the Trial Court erred in referencing its order to the parties' settlement agreement. It is well understood that to enforce such an agreement the action must be brought in assumpsit since the parties' rights in such are contractual in nature. *Commonwealth ex rel. Jones v. Jones*, 216 Pa.Super. 1, 3, 206 A.2d 809 (1969). In the case at bar, however, the support order was entered, not pursuant to the agreement, but rather from the duty imposed by law on the relationship of parent to child. The Trial Court, by its reference to the agreement was making

an attempt to take into consideration the consequence of the Federal Income Tax Law upon the parties. Pennsylvania case authority has held repeatedly that this is proper and sometimes necessary if the net effect of the Court's order would not provide an adequate amount of support for the parties' children. See *Commonwealth ex rel. Stanley v. Stanley*, 198 Pa.Super. 15, 179 A.2d 667 (1962) and *Commonwealth ex rel. Eppolito v. Eppolito*, 245 Pa.Super. 93, 369 A.2d 309 (1976).

The Court below did not consider itself bound by the agreement. Prior to the entry of its order, appellee was paying $165.00 to appellant in accordance with the parties' agreement. The Court below increased this weekly payment to $250.00 a week, basing that amount on the current needs of the children and the respective financial positions of the parties. The support order was thus proper albeit couched in language referring to the settlement agreement. This language was an attempt at explanation rather than at determination by the Trial Court.

Affirmed.

SPAETH, J., concurs in the result.
CAVANAUGH, J., joins.