452 A.2d 255

**John S. LONG, Appellant,**

v.

**Joyce M. LONG.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed Oct. 29, 1982.

Robert N. Clarke, Washington, for appellant.

Roger G. Rulong, Jr., Washington, for appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PRICE, Judge:

This is an appeal from a summary judgment entered in an equity action on grounds of collateral estoppel by reason of a prior criminal support proceeding. We reverse and remand.

The appellant, John S. Long and appellee, Joyce M. Long were married on July 6, 1963 and three children were born to them. (R. 7a). On November 23, 1976, Mr. and Mrs. Long entered into an agreement regarding separation, division of property, custody of the children, support and other attendant items. (R. 7a–16a).

A criminal desertion and non-support proceeding instituted by Mrs. Long as the prosecutrix in the name of the Commonwealth against Mr. Long, came on for hearing on April 24, 1978 and an order was entered thereon on May 4,

1978, the Honorable Charles G. Sweet, President Judge, presiding. The court noted that there was some dispute as to Mrs. Long's performance of the 1976 agreement, but, taking all things into consideration, held that the support agreed to therein was reasonable and ordered Mr. Long to pay that amount.[1]

On June 22, 1978, Mr. Long filed an action in equity against Mrs. Long claiming breach of the 1976 agreement, that the remedy at law was inadequate and seeking recision. (R. 3a–5a). On January 29, 1979, the court below ordered the equity complaint heard on the next desertion and non-support argument day.[2] This order was appropriately challenged below. On May 9, 1979, the court below granted summary judgment for appellee on the grounds that appellant's equity action was foreclosed by collateral estoppel by reason of the prior support hearing findings. The court below en banc affirmed. This appeal followed.

■ Two of the requisites for successful invocation of the collateral estoppel rule are:

(1) A full, fair and adequate opportunity to actually litigate the particular issue involved;[3]

(2) That the determination of any such issue be *essential* to the disposition of the matter before the court whose judgment is sought to be invoked.[4]

Neither of these requisites are satisfied in this case.

It has been pointed out that the duty of support is "well-nigh absolute." *Commonwealth ex rel. Mickey v. Mickey,* 220 Pa. Superior Ct. 39, 42, 280 A.2d 417, 418 (1971).

1. Order of May 4, 1978 at 2–3.

2. R. 128a. That equity has jurisdiction to enforce independent contractual covenants notwithstanding such a prior court order was decided in *Brown v. Hall,* 495 Pa. 635, 435 A.2d 859 (1981).

3. *Schubach v. Silver,* 461 Pa. 366, 379, 336 A.2d 328, 334 (1975); *see generally, Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980).

4. Restatement of Judgments, § 68 (1942), adopted by the Pennsylvania Supreme Court in *Schubach, supra.*

Therefore, Mr. Long's opportunity in the non-support proceeding was to show only that he either was already paying support or that he should be excused from doing so. A breach of the post-nuptial agreement between Mr. and Mrs. Long was not a defense to the criminal non-support action. *Id.* Thus, Mr. Long had no full, fair and adequate opportunity to actually litigate any breach of contract by Mrs. Long in the criminal desertion and non-support proceedings.

Pennsylvania has adopted § 68 of the Restatement of Judgments[5] which provides:

> When a question of fact *essential* to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action.... (emphasis added).

We hold that any determinations regarding Mrs. Long's performance or non-performance of her contractual obligations to Mr. Long made in the course of the criminal non-support and desertion proceedings were not "essential to the judgment" within the above rule. The issues before the court in the criminal non-support and desertion proceedings were:

> (1) Whether the husband had separated himself from his wife and children without reasonable cause or had willfully neglected to maintain his wife or child.
> (2) If either of the above, then what amount was reasonable and proper for the comfortable support and maintenance of the said wife or children or both.

18 Pa.C.S.A. § 4322. Since Mrs. Long's breaches of contract, if any, were neither a defense to the non-support action, *Mickey, supra,* nor presentable by way of counterclaim,[6] determinations regarding such breaches, if any, were

---

**5.** *See, e.g., Schubach, supra* n. 6.

**6.** A postnuptial agreement may not be enforced even under the Pennsylvania Civil Procedural Support Law. *See, Commonwealth ex rel. Kunkin v. Bruck,* 297 Pa.Superior Ct. 410, 443 A.2d 1187 (1982); *Commonwealth ex rel. Jones v. Jones,* 216 Pa.Superior Ct. 1, 260 A.2d 809 (1969).

not essential to the judgment within § 68 of the Restatement of Judgments.

■ Since there was no full, fair and adequate opportunity to litigate the issue in the earlier forum, and since any determinations regarding Mrs. Long's breaches of contract made in the desertion and non-support proceedings were not "essential to the judgment" within the meaning of § 68 of the Restatement of Judgments, collateral estoppel was inappropriately invoked by the court below.

The action of the trial court is reversed and the matter remanded for proceedings consistent with this opinion. Jurisdiction is not retained and the parties will have their full rights as to appeal upon conclusion of the further proceedings.