Opinion by
 

 Spaulding, J.,
 

 Appellant mother, Leonita Gonzales, initiated this proceeding by petition for a writ of habeas and now appeals from an order of the Court of Common Pleas of Lancaster County awarding custody of their three children, ages 10, 11, and 12, to appellee father Felix Morales.
 

 The parties were married in Puerto Rico in 1959 and the three children who are the subject of this action are a result of that union. Shortly after their marriage, appellee left Puerto Rico and came to New York, appellant retaining custody of the children. Ten years later, in 1969, the parties were divorced in Puerto Rico. As part of the divorce decree, appellant was awarded custody of the children. Later in 1969, due
 
 *375
 
 to financial difficulties, appellant came to the United States to work, leaving the children in the care of her mother. Thereafter, appellee returned to Puerto Rico, took the children, and returned to New York with them. When appellant learned of this she attempted to obtain custody in New York, but appellee fled the jurisdiction with the children to his present residence in Lancaster. Appellee has since remarried and now has four additional children from that marriage.
 

 The order of the court below is unsupported by the record as it now stands. As stated by appellee in his brief: “The reason for this deficiency is not that sufficient testimony was not presented, but rather that the testimony was not all contained in the record. WTien counsel for the appellee called Felix Luis Morales, the 13 year old boy, as a witness, the court refused, making reference to the fact that the children had already been heard in chambers. Not only did this testimony not appear of record, but counsel on both sides were not permitted in chambers at the time the testimony was heard.” The court below does not specifically state any findings of fact concerning the preferences of the three children, but apparently its decision here is in large part based on their off-the-record testimony given in chambers without counsel being present.
 

 Under both the statutory and case law, the scope of our review in child custody cases is quite broad and, while we cannot nullify the fact-finding function of the hearing judge, we are not bound by a finding which has no competent evidence to support it.
 
 Commonwealth ex rel. Gifford v. Miller,
 
 213 Pa. Superior Ct. 269, 273-274, 248 A. 2d 63 (1968) and cases cited therein. The decision of the court below here has nothing on the record which supports it due to the incorrect procedure followed in hearing the testimony of the children. If their testimony is to be taken out of the pres
 
 *376
 
 ence of the contending parties, counsel should be present and have an opportunity to examine them,
 
 Snellgrose Adoption Case,
 
 432 Pa. 158, 166, n. 3, 247 A. 2d 596 (1968), and their testimony should be on the record.
 
 [1]
 

 The order of the court below is reversed and the case remanded for a new hearing consistent with this opinion.
 

 [1]
 

 A record is especially necessary here to support the decision of the court below depriving a mother of custody in direct contradiction to the “tender years” doctrine.