Commonwealth ex rel. Williams, Appellant, *v.* **Williams.**

Submitted March 27, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ronald J. Brockington,* for appellant.

*Morton S. Powlen,* for appellee.

OPINION BY PRICE, J., June 21, 1974:

Madeline Williams, appellant, filed a petition for a writ of habeas corpus seeking custody of her four year old daughter, Nicole. Appellant and appellee-father[1] are both residents of the City of Philadelphia. Prior to March of 1973, the child had been in the custody of appellant, however, the child had been residing with appellant's grandmother (the child's great-grandmother, 64 years of age) (T-3 & T-6) in Burlington, New Jersey. Appellee had visitation privileges two days each week which varied according to his work schedule as a policeman in the City of Philadelphia. This custody and visitation apparently was granted by a court order in May of 1972 (T-5) although the record is not entirely clear in this regard and that order is not in the record.

---

[1] The parties are now divorced.

The child has been living with her great-grandmother in Burlington, New Jersey, either since 1971 as claimed by appellee or since 1972 as claimed by appellant. This arrangement apparently was made necessary because appellant is employed in two jobs which require working hours during the week from 8:45 a.m. to 10:00 p.m., and also because appellant lives in an apartment in the City of Philadelphia with her sister and nephew (T-7 and T-8) in what a probation officer's report described as a two-bedroom apartment (T-9) but appellant described as a three-bedroom apartment. Whatever its size may be, appellant has offered absolutely no testimony that she had any intent to change the child's living arrangements from the home in New Jersey.

The home in New Jersey is occupied by the child's great-grandmother, her husband, appellant's child by a previous marriage[2] and, prior to March of 1973, by Nicole. This home is described as a house with two bedrooms (T-6) and a ranch-type house (T-16) with no further detail supplied by the record.

The appellee lives in a house which was the home of the parties prior to their separation and subsequent divorce. He has been living there since 1969 (T-14). Appellee's home has three bedrooms (T-16) and is located at 1830 East Tulpehocken Street in the City of Philadelphia. Appellee lives there alone.

In March of 1973, appellee, on his weekly visitation, brought Nicole to Philadelphia and refused thereafter to return the child to New Jersey. Apparently, appellant made no complaint or inquiry concerning Nicole (T-11) until the filing of the petition for a writ of habeas corpus on March 29, 1973.

Appellant testified that prior to March of 1973, she would go to New Jersey every weekend to see her daugh-

---

[2] A ten year old daughter.

ters, testimony flatly contradicted by appellee (T-15), but that during the vast majority of the time Nicole was under the control of her great-grandmother. Appellee who testifies he can and now does spend 16 hours on a working day with Nicole plus full time on his days off claims his custody better meets the best interests of Nicole than appellant's situation. The lower court agreed and we affirm.

In awarding custody, the primary consideration is always the best interest of the child. See, e.g., *Commonwealth ex rel. Mitchell v. Mitchell,* 186 Pa. Superior Ct. 347, 142 A. 2d 304 (1958). In determining the best interest of the child, for many years the courts of this Commonwealth have applied the principle of law that has come to be known as the "tender years" doctrine. See, e.g., *Commonwealth ex rel. Ackerman v. Ackerman,* 204 Pa. Superior Ct. 403, 205 A. 2d 49 (1964). However, always paramount are the child's physical, intellectual, spiritual and emotional well-being and all conflicting considerations, including the "tender years" doctrine, will be subordinated to these matters. *Commonwealth ex rel. Thomas v. Gillard,* 203 Pa. Superior Ct. 95, 198 A. 2d 377 (1964).

The Pennsylvania Supreme Court has held the "tender years" doctrine to be merely a vehicle through which a decision respecting an infant's custodial well-being may be reached where factual considerations do not otherwise dictate a different result. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 296 A. 2d 625 (1972). We agree with the hearing judge that in the present case the child Nicole's best interests dictate custody in the father.

As the lower court, Murphy, J., so well states in the opinion: "In view of the fact the petitioner [Appellant] did not retain *actual* care of the child during the time the child was in her custody, there is doubt as to whether she even visited the child on weekends as she states;

that petitioner lives in a small apartment with another woman and child, and that since March of 1973 the child has been living with her father—not some other relative—and is cared for by a babysitter who lives but two doors away, this Court is convinced that it is in the best interest and conducive to the permanent welfare of the child, for her to be in the custody and care of her father, the respondent [Appellee]."

The order of the lower court is affirmed.

JACOBS, J., dissents.

CERCONE, J., concurs in the result.