Commonwealth ex rel. Ulmer *v.* Ulmer, Appellant.

Argued September 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Milton Ranck,* for appellant.

*John F. Pyfer, Jr.,* with him *Xakellis, Perezous & Mongiovi,* for appellee.

OPINION BY PRICE, J., December 11, 1974:

The parties, Appellant, Robert E. Ulmer and Appellee, Pamela K. Ulmer, both 27 years of age, were married on September 1, 1967. Of this union there were two children born, Kelley K. Ulmer, born December 14, 1968 and Robin A. Ulmer, born April 17, 1972.

On March 14, 1974 appellee left the domicile of the appellant, left the children with appellant, and moved into a home occupied by her parents and family. On April 5, 1974 appellee instituted this action for custody of these children. The lower court awarded custody to appellee-mother and appellant-father has filed this appeal.

Appellee states the question involved to be: "Whether the evidence as a whole in this case supports the conclusion that the interests and welfare of two very young daughters, ages 2 and 5, demand that custody be granted to their mother, the Appellee herein."

We agree with this statement of the question, but unfortunately are unable to determine how, if indeed it was, this question was answered by the lower court.

At the conclusion of a one day hearing on April 17, 1974, the court by Order,[1] less than two pages in length, made its determination.

This order ". . . determines that by reason of the ages of these children the law presumes that the mother is better qualified to raise children of tender ages and that no testimony has been presented as to her unfitness to be a mother and to raise these children. . . ." This is not a complete and, therefore, not a correct statement of the law. The Pennsylvania Supreme Court in *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 109, 296 A. 2d 625, 627 (1972), has held the "tender years" doctrine to be "merely the vehicle through which

---

[1] "And Now, April 17, 1974, this being a Petition for a Writ of Habeas Corpus concerning the best interest and welfare of two minor children, Kelley K. Ulmer and Robin A. Ulmer, ages five and two, and after carefully considering all of the testimony presented here, the Court determines that by reason of the ages of these children the law presumes that the mother is better qualified to raise children of tender ages and that no testimony has been presented as to her unfitness to be a mother and to raise these children. There being some indication that the father's interest in these children is of rather recent origin, the Court therefore awards the care, custody and control of the two minor children, Kelley and Robin, to the mother, Pamela K. Ulmer, except on alternating Sundays between the hours of 9:00 A.M. and 5:00 P.M. beginning Sunday, April 21, 1974, and except on alternating Saturdays between the hours of 9:00 A.M. and 5:00 P.M. beginning Saturday, April 27, 1974, when the father, Robert E. Ulmer, shall have the care and custody of said children. One further condition of this Order is that these children are never to be in the presence of Keith Gillespie or any other boyfriend of the mother's. Until further Order of the Court.

The costs of this proceeding are to be paid by the Respondent, Robert E. Ulmer.

BY THE COURT:

s/ William G. Johnstone, Jr.    P.J.

WILLIAM G. JOHNSTONE, JR."

a decision respecting the infant's custodial well-being may be reached *where factual considerations do not otherwise dictate a different result.*" (Emphasis added). We have most recently, in *Davidyan v. Davidyan,* 230 Pa. Superior Ct. 599, 327 A. 2d 145 (1974), followed this interpretation. The case now before us, unlike *Davidyan,* offers no independent basis for the support of the lower court decision.

The scope of review of this court in a child custody case is of the broadest type. *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A. 2d 380 (1972). Although we will not nullify the fact-finding function of the hearing judge, we are not bound by deductions or inferences made by the lower court from the facts as found. *Commonwealth ex rel. Bowser v. Bowser,* 224 Pa. Superior Ct. 1, 302 A. 2d 450 (1973); *Commonwealth ex rel. Gifford v. Miller,* 213 Pa. Superior Ct. 269, 248 A. 2d 63 (1968). We need not accept a finding which has no competent evidence to support it, but are instead required to make an independent judgment based on the evidence and testimony, and make such order on the merits of the case as to do right and justice. *Commonwealth ex rel. Morales v. Morales,* 222 Pa. Superior Ct. 373, 294 A. 2d 782 (1972); *Commonwealth ex rel. Johnson v. Pinder,* 217 Pa. Superior Ct. 180, 269 A. 2d 511 (1970).

The difficulty with this case is that the lower court has not discussed the basis of the decision nor the evidence. In these circumstances we find ourselves unable to discharge our responsibility in good conscience. We might, independent of guidance by a thorough decision of the lower court, either affirm or reverse. We perceive this to do violence to the rights of the parties to have their case weighed and decided by the trier of facts and determiner of credibility, i.e., the lower court. And even more important, such a course of action on our part would not properly recognize the great interest

of this Commonwealth in the best interests and welfare of these children.  These considerations require that we refer this case back to the court below for further review and determination of the best interests and welfare of these children.  While the record is complete, we do not limit the lower court in its discretion to this record as it may well appear that a further hearing may appear desirable.

Reversed with a procedendo.

JACOBS and VAN DER VOORT, JJ., would affirm the order of the court below.