## Russo Appeal.

Argued June 11, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stewart C. Crawford,* with him *Butler, Beatty, Greer & Johnson,* for appellant.

*Nicholas J. Lisi,* with him *Baratta, Lisi & Takiff,* for appellee.

OPINION BY CERCONE, J., October 28, 1975:

This is an appeal from an order denying a petition for a writ of habeas corpus. According to the petition, Dorothy L. Russo, appellant herein, seeks to obtain custody of her nine-year-old son Todd.

The parties, now divorced, were married in 1960. Three children were born of the marriage: Kimberly, age 11; Danielle, age 5; and Todd. In February of 1974, the mother left her husband and took the two girls with her. They are presently residing with the mother's parents. Todd, however, has continued to live with his father since the date of his parents' separation. In March of 1974, the father brought a petition for custody of his two daughters, and the wife petitioned for custody of her son.[1] Following a hearing on the father's petition, custody of the two girls was awarded to the mother with partial week-end custody in the father. In June of 1974, the mother again petitioned for custody of Todd. The father responded with a petition for contempt against the mother for failure to comply with the week-end custody provision of the order regarding the two girls. Both petitions were consolidated for hearing in August of 1974. At this hearing, which lasted two days, both parties were afforded the opportunity to testify, to offer other witnesses, and present any relevant evidence. Typically, each party sought to establish instances of impropriety on the part of the other in an effort to demonstrate the offending party's unfitness to care for Todd. In addition, Todd was

---

1. The mother's petition was dismissed at that time for lack of jurisdiction since Todd was then in North Carolina with his paternal grandparents.

questioned in chambers by the trial judge. At the conclusion of all the evidence the lower court found that the stability and security of Todd was better served by his remaining in the custody of his father.[2] This appeal followed.

"On appeal, our court is not bound by deductions or inferences made by the lower court (*Commonwealth ex rel. Gifford v. Miller*, 213 Pa. Superior Ct. 269, 248 A.2d 63 (1968)), but must exercise an independent judgment based on the evidence presented. *Commonwealth ex rel. Johnson v. Pinder*, 217 Pa. Superior Ct. 180, 269 A.2d 511 (1970). Of course, an appellate court must always give great weight to the opinion of the trial judge who has the opportunity to see and hear the witnesses and judge their credibility and to talk to the children involved. *Commonwealth ex rel. Doberstein v. Doberstein*, 201 Pa. Superior Ct. 102, 192 A.2d 154 (1963)." *Clair Appeal*, 219 Pa. Superior Ct. 436, 438 (1971). Our review of the record leads us to conclude that the court below did not abuse its discretion in awarding custody of Todd to his father.

Appellant-mother's main contention is that the lower court erred in subordinating the "tender years" doctrine in favor of Todd's stated desire to remain with his father. The mother also contends that the court did not give sufficient weight to the policy that in the absence of compelling reasons to the contrary, siblings should be raised together. We agree with appellant that these factors must be given substantial weight in determining which parent should be awarded custody. However, it is also clear that the existence of these two factors does not *per se* mandate a determination in the appellant's favor. Indeed, it is hornbook law that the paramount consideration in

2. The court also found the mother to be in contempt for repeatedly failing to have the girls ready on those dates when the father was given partial custody. No appeal was taken from the contempt order.

child custody proceedings is the welfare of the child. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105 (1972) ; *Clair Appeal,* supra. "All conflicting considerations, including here the 'tender years' doctrine, must be subordinated to the child's physical, intellectual, spiritual and emotional well being." *Parikh,* supra at 108.

"While it has been generally held that, other factors being equal, a child of tender years should be with the mother, this rule is by no means absolute. Each case must finally rest upon and be determined by its own facts." *Commonwealth ex rel. McLeod v. Seiple,* 193 Pa. Superior Ct. 131, 136 (1960). Instantly, the lower court, although fully cognizant of both the tender years doctrine and the policy that siblings should not be separated, concluded that Todd's best interests dictate custody in the father. In reaching this decision, the lower court took into account the history of excellent paternal care afforded to Todd both before and after the parties' separation.[3] More importantly, the lower court was greatly impressed by the adamant preference expressed by Todd to remain with his father. The court noted that not only did Todd prefer to live with his father, but that he even refused to go with his mother for a two weeks vacation. It was only after the court had a discussion with Todd that he agreed to go with his mother. As stated in *Commonwealth ex rel. Bender v. Bender,* 197 Pa. Superior Ct. 397, 401 (1962): "as children grow older less weight must be given to

---

3. Parenthetically, we note our agreement with the court below that automatic application of the tender years doctrine as the determinative factor is inappropriate where the mother, as in the instant case, is not at home in the daytime. The mother although not currently employed is in training to be a medical technician and her parents, with whom she is presently residing, both work. Todd's father, who earns approximately $16,000.00 per year, provides for Todd's care with a neighbor during the daytime. Accordingly, neither party is in a position to provide daytime parental supervision for any of their children. In these circumstances rigid adherence to the tender years doctrine is unwarranted.

the tender years doctrine and more weight must be given to the preference of the child." In the case at bar, the hearing judge found, inter alia, that:

"From discussion with Todd, we find that he is more attached to, and comfortable with his father. His paternal grandmother who received him in North Carolina after the parties' separation and kept him till June, testified to receiving a very uncertain and insecure boy. He told her that he was uncertain of his mother's love and he told us that he did not feel his mother gave him full attention. Todd did respond to his grandmother's care in North Carolina and upon his appearing before us in June and August presented a serious, truthful, and concerned 9 year old boy showing intelligence, and understanding. He said while he loved both parents, he preferred to be with his father."

Our own review of Todd's testimony convinces us that his stated preference to live with his father outweighed the tender years doctrine. See *Carlisle Appeal*, 225 Pa. Superior Ct. 181 (1973).

Although as a general rule it is preferable to have all the children raised together, this rule must yield to the paramount principle that the best interests of each individual child must be the determining factor. See *Commonwealth ex rel. McKee v. Reitz*, 193 Pa. Superior Ct. 125 (1960). The benefits of forcing a child to reside with one of his parents solely for the purpose of keeping the siblings together can be distinctly outweighed by the detrimental effects on that child who prefers not to live with that particular parent. Furthermore, the three children still see a great deal of each other on week-ends since custody alternates between the parents. And as the lower court recognized, the respective custody orders could be further adjusted so that all three children could be together more often.

We have thoroughly reviewed the record, and we find that the lower court properly determined that the best interests of Todd would be better served by permitting him to remain with his father. In arriving at this decision the traditional criteria of fitness of the parents, the tender years doctrine, the policy of raising siblings together and the child's preference, were carefully weighed and balanced by the lower court against the paramount consideration of the child's welfare. See *Commonwealth ex rel. Doberstein v. Doberstein,* 201 Pa. Superior Ct. 102 (1963) ; *Carlisle Appeal,* supra. Accordingly, we hold that the lower court neither committed an error of law nor abused its discretion.

Order affirmed.

DISSENTING OPINION BY PRICE, J. :

In dissenting, I do not wish to belabor the much cited principles of law already discussed by the majority. Obviously appellant is fit in every way to raise this child. Were it otherwise, the welfare of the two daughters whose custody has been given to appellant would be of concern, although that issue is not directly involved in this appeal. However, a review of this record, to my view, produces an absolute stalemate in weighing the best interests of this child between the contesting parents.

It is in just such a situation that the tender years doctrine and the whole family doctrine should be accorded their greatest weight. Against these doctrines is this child's expressed preference to remain with his father. At the age of 9 years, based on this record, such preference does not override these very strong policy doctrines that have developed through the many cases on the subject of child custody.

I would, therefore, reverse.