368 A.2d 732

**COMMONWEALTH of Pennsylvania ex rel.
Robert A. STEUER**

v.

**Susan STEUER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Dec. 15, 1976.

Thomas L. Walters, Easton, for appellant.

Gary Neil Asteak, Easton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

In this habeas corpus action, the court below awarded custody of a five-year-old boy, Robert, to his father. The mother appealed the custody award to the father.

Appellant, Susan Steuer, contends the court below disregarded the tender years doctrine and the law's preference for unity of siblings in awarding custody to the father. Appellant claims that proper application of the tender years doctrine and the policy favoring unity of

siblings, under the facts of this case, should have result-
ed in the custody of Robert being granted to her, not to
the father. With this we agree.

Under our laws the court must decide custody on the
basis of the fitness of the parents and the best and per-
manent welfare of the child. Act of June 26, 1895, P.L.
316, Sec. 2, 48 P.S. § 92. At the heart of the decision are
the facts and circumstances of the child's environment.

Susan and Robert A. Steuer were married on October
12, 1968. A son, Robert, was born March 10, 1970. The
parties separated in 1973 with Susan Steuer retaining
custody of Robert and a younger child, Brian. Several
months later, the family resumed living together. In
November, 1974, however, the husband left again and the
parties have remained separated. Appellant retained
custody of both children after this final separation until
March, 1975.

Appellant's testimony explained the basic cause for the
separation between her and her husband. She testified
that her husband argued and fought a lot, and that he
would beat her and abuse her so frequently that she
could no longer tolerate it. On one occasion she called
the police and the police removed the husband from the
house. As a result of her husband's abusive treatment,
appellant needed hospital care in April and May of 1975
for a nervous breakdown. This illness was one of the
reasons she gave custody of Robert to her husband in
March of 1975. Due to her illness she was unable to care
for both children at one time. Since March, 1975, Rob-
ert has been staying with his father and Brian with his
mother; that is to say, Robert stayed with his paternal
grandmother during the week days and with his father,
appellee, during the weekends. When appellant left the
hospital to return to her parents' home she found the at-
mosphere to be such that conditions were not satisfacto-
ry for Robert's return. Out of concern for Robert, she
continued to have her husband's mother care for Robert

until she could take proper care of him without the adverse conditions which existed in her parents' home. This situation continued until sometime prior to the custody hearing on December 10, 1975 when appellee began living with a married woman who was not divorced from her husband and who has three children.

When the evidence of the husband's current domestic arrangement came to light during the hearing, the lower court asked the husband why the court should not prefer Robert's mother over the husband's mother, or his paramour, insofar as it concerned custody during the week while husband was working. The husband answered that appellant was unfit.

The only evidence of unfitness in this case is that in one instance appellant threw some keys at Robert and struck him in the face causing him some injury. Appellant admitted the incident, but explained that she threw the keys in the hope of stopping a commotion but not intending to strike Robert. On another occasion, which the husband claimed established his wife's unfitness, she punched Robert. Both these incidents occurred more than one year prior to the hearing.

Lillian Steuer, the wife's sister-in-law, testified that appellant took very good care of her children when both Robert and Brian were with her. Lillian testified that when the parties were still living together, Lillian and appellant got along very well because she liked appellant very much.

During the separation, around three weeks before October 19, 1975, appellant had custody of Robert during weekends but, because of some misunderstanding, her husband terminated this arrangement. Thereafter, when appellant attempted to telephone and talk to Robert, her husband would refuse to permit Robert to talk to his mother. He made Robert hang up the telephone on his mother several times. (By this time apparently the husband was living with his married paramour). Appel-

lant's continuous attempts to telephone her husband's home so that she could talk to Robert caused the husband to change his telephone number. Appellant at last sought aid from her sister-in-law and requested her to call appellee and ask him to have her son call so that she might talk to him. Appellant was able to talk with her son only twice through this arrangement.

The scope of review of this court in child custody cases is of the broadest type. *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A.2d 380 (1972). Although an appellate court must give great weight to the opinion of the trial judge who has had the opportunity to see and hear the witnesses and judge their credibility, we are not bound by the deductions and inferences made by the lower court. *In re Russo,* 237 Pa.Super. 80, 346 A.2d 355 (1975); *Clair Appeal,* 219 Pa.Super. 436, 281 A.2d 726 (1971); *Commonwealth ex rel. Gifford v. Miller,* 213 Pa.Super. 269, 248 A.2d 63 (1968). We need not accept a finding which has no competent evidence to support it, but are required to make an independent judgment based on the evidence and testimony. *Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 331 A.2d 665 (1974); *Davidyan v. Davidyan,* 230 Pa.Super. 599, 327 A.2d 145 (1974); *Johnson v. Pinder,* 217 Pa.Super. 180, 269 A.2d 511 (1970).

The paramount consideration in custody cases is the best interest and welfare of the child. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 296 A.2d 625 (1972); *Commonwealth ex rel. Pruss v. Pruss,* 236 Pa.Super. 247, 344 A.2d 509 (1975); *Davidyan v. Davidyan,* 230 Pa.Super. 599, 327 A.2d 145 (1974). Several guides have been developed by our courts to facilitate the determination of how the best interests of the child shall be served when making the difficult decision between parents in awarding custody. The tender years doctrine is one of these guides. In the past, the tender years doc-

trine was interpreted as creating a strong presumption that the best interest and welfare of a young child would be best served by giving custody to the mother unless compelling reasons to the contrary appeared. Changes in the fabric of our society have led to a re-evaluation of the role of this doctrine in making custody determinations.

It is now generally held that other factors being equal, a child of tender years should be with the mother. Each case must finally rest upon and be determined by its own facts: *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972). *In re Russo*, 237 Pa. Super. 80, 346 A.2d 355 (1975); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974); *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974). When other factors concerning the child's environment and the fitness and capabilities of the parents are balanced, the tender years doctrine provides an additional factor to be calculated in making the determination. To say that tender years "is merely the vehicle through which a decision . . . may be reached where factual considerations do not otherwise dictate a different result" (*Commonwealth ex rel. Parikh v. Parikh*, supra), is another way of saying it is an additional factor to be taken into consideration when other factors are equal.

The preference for the unity of siblings is another guide developed by our courts. This strong policy favors keeping siblings in the same household whenever possible. In the absence of compelling reasons to the contrary, children should be raised together. *Commonwealth ex rel. Bowser v. Bowser*, 224 Pa.Super. 1, 302 A.2d 450 (1973); *Commonwealth ex rel. Sissel v. Sciulli*, 216 Pa.Super. 429, 268 A.2d 165 (1970).

The hearing judge did not find appellant, Susan Steuer, unfit as a parent or unable to provide a suitable home for her children. In fact, the lower court's opinion

states that the capabilities of the parents are "nearly equal". Without articulating what factors led to his conclusion the hearing judge found:

"[T]he scales tip slightly in favor of the father. That is to say just enough to override the 'tender years' doctrine and the preference favoring the 'unity of siblings.'"

A review of the record, especially the respective home environments, does not support this finding.

Appellant now has a two-bedroom apartment in New Jersey with a living room, bath, and kitchen. If she obtains custody of Robert he would sleep with the younger child, Brian. There is testimony in this case that these two children love each other. When Robert did stay with Brian, Brian would cry upon Robert's leaving. Although appellant is now on welfare, she is able to pay the rent, purchase food and provide other necessities. She is able to be home with the children. She also wants custody of Robert because he and Brian love each other. But most of all, she has a deep love for her children, and is willing to give liberal visitation rights to the father (more than, apparently, the father would be willing to do in return).

The father, appellee, also has not complied with a court order of support for Brian, the other child. He makes $209.00 per week gross, he rents an apartment consisting of 4 rooms, a bath and a kitchen. He lives in his two bedroom apartment with his paramour, her three children and Robert. The paramour's children are a girl, 11 years of age, and two boys, 6 and 4 years of age. The sleeping arrangements are not satisfactory to say the least. One of the two bedrooms must be shared by appellee and his friend and the other bedroom by the four children. Appellee testified that one of the remaining rooms could be converted into a bedroom but this, at best, certainly describes a most crowded condition. He also testified that he was planning to rent another apart-

ment or purchase a house, but that is something in the future and cannot be taken into consideration at this time.

Appellee's home is less, not more, suitable than the home appellant can provide. The record contains no indication of the stability of the relationship between appellee and the woman who lives with him. Even if both homes could be considered equally suitable, appellant should be awarded custody of five-year-old · Robert. When the parents of a very young child are virtually equal in their capabilities and the home environments each can provide, the "tender years" doctrine and the policy of unity of siblings are applicable and the child should stay in the care of its mother. The lower court's conclusion is not supported by its premises.

Order of the lower court is reversed, and custody of Robert is awarded to the mother, Susan Steuer.

SPAETH, J., concurs in the result.