369 A.2d 854

**John CHEPPA, Appellant,**

v.

**Rina CHEPPA.**

**Rina CHEPPA**

v.

**John CHEPPA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 8, 1976.

Decided Feb. 18, 1977.

150

John Cheppa, in propria persona.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant John Cheppa brought this appeal to our Court from the Order dated December 31, 1974, awarding custody of appellant's minor twin children to their mother, Rina Cheppa, and from the Order dated November 24, 1975, requiring appellant to continue to pay $40 per week as child support. Appellant raises essentially three issues for our consideration: 1) whether the lower court erred in questioning the two children out of the presence of counsel; 2) whether the court abused its discretion in granting custody to the mother; and 3) whether the court erred in ordering appellant to pay support "without hearing his case."

In *Commonwealth ex rel. Morales v. Morales*, 222 Pa.Super. 373, 375–76, 294 A.2d 782, 783 (1972), our Court stated: "If [the testimony of children] is to be taken out of the presence of the contending parties, counsel should be present and have an opportunity to examine them, *Snellgrose Adoption Case*, 432 Pa. 158, 166, n. 3, 247 A.2d 596 (1968), and their testimony should be on the record." This position was restated in *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973), with three judges concurring in the result, two judges wishing to affirm on the opinion of the lower court, and one judge not participating. Notwithstanding the language of both *Morales* and *Grillo*, these two cases actually turned on the absence of a record of the children's testimony, rather than on the absence of counsel while the children testified. A record was kept in the instant case. The rights of both parents, of course, must be protected; however, the most important consideration for the lower court when attempting to ascertain the true feelings of a child must be to create an atmosphere in which the child will feel free to express himself. Such a setting is much less likely to exist when representatives of the parents (representatives who are going to repeat what the child has said) are present.

The hearing judge in the case before us made every effort to ask impartial questions, to put the children at ease, and to attempt to determine their true feelings toward their parents. Under the circumstances of this case, there was no error by the lower court in questioning the children without counsel being present.

■■ Appellant further argues that the lower court abused its discretion in awarding custody of the children to their mother. The scope of review of our court is very broad in custody cases, *Commonwealth ex rel. Holschuh v. Holland-Moritz,* 448 Pa. 437, 292 A.2d 380 (1972); however, we should not usurp the fact-finding function of the lower court when the latter has had an opportunity to view the various parties and is in a much better position to assess the situation. The case before us is a close one. Notwithstanding various accusations made by both sides (regarding the father's alleged drinking problem, crowded conditions at the mother's residence), it appears that either parent would be fit to raise the children. The hearing judge stated in his opinion that he considered the wishes of the children to live with their father, but the judge went on to say: "[C]onsidering the overall welfare and best interests of the girls and considering their age [10], . . . continued custody in the mother is called for and amply supported by all of the evidence." As an apparent concession to the stated preferences of the children, the lower court did order an increase in the father's visitation rights. As the order stands now, the mother is to have custody of the children, but the father is to have the children for visits on the first, third, and fourth weekends of each month and on one week night during the second week of each month. The lower court properly considered all the testimony, and did not abuse its discretion in awarding custody to the mother.

■■ The lower court also acted properly in requiring appellant to continue to pay $40 per week for the

support of the two children. Before a lower court modifies an order of support, there must be evidence of some change in circumstances, with the burden on the party seeking to modify the order to show by competent evidence such a change of circumstances. *Commonwealth ex rel. Schmitz v. Schmitz*, 237 Pa.Super. 519, 521, 352 A.2d 103 (1975). Not only did Mr. Cheppa fail to show a decrease in income, he testified that he was making approximately $12 per week *more* than he was making at the time the original order was entered. At the time of the support hearing, Mr. Cheppa was making $136 to $137 per week, and was paying less than one-third of his income for the support of his children. Rina Cheppa was earning only $80 per week. Although John Cheppa will be left with only about $97 per week for his own use, Rina Cheppa will be supporting herself and the two children on only $120 per week. We cannot say that the lower court abused its discretion, and John Cheppa was certainly not denied an opportunity to present his case.

Order of the court below dated December 31, 1974 affirmed.

Order of the court below dated November 24, 1975 affirmed.

PRICE, J., files a dissenting opinion in which HOFFMAN and SPAETH, JJ., join.

PRICE, Judge, dissenting:

I agree with the majority that the appeal at 161 March Term, 1976 presents no error in relation to the support matters between these parties and that the support order entered below at No. 540 Support Division, 1973 should be affirmed.

I dissent, however, as to the appeal at 13 March Term, 1976 dealing with the custody of the two minor children [1] of the parties. In view of this court's recent opinions discussing the doctrine of Tender Years, I think it is clear that the lower court erred in basing its decision in

1. Twin daughters, 9 years of age.

large part upon the "presumption" of that doctrine. *Commonwealth ex rel. Pruss v. Pruss,* 236 Pa.Super. 247, 344 A.2d 509 (1975); *Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 331 A.2d 665 (1974); *Davidyan v. Davidyan,* 230 Pa.Super. 599, 327 A.2d 145 (1974); *Commonwealth ex rel. Williams v. Williams,* 229 Pa.Super. 327, 324 A.2d 540 (1974); *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 312 A.2d 58 (1973).

Further, the testimony of these children was taken without the attorneys being present. This procedure was specifically disapproved in *Commonwealth ex rel. Grillo v. Shuster, supra.* Further, this error is compounded by the claim, admittedly unsupported by the record, of appellant that a part of this in chambers testimony is missing. It is required that the attorneys be present to safeguard against a claim of this type, as well as others.

I would hold the lower court erred in its consideration and procedure relating to the custody award. Accordingly, I would reverse the order of the lower court entered at No. 1285 June Term, 1974 and remand for a new hearing and determination of custody.

HOFFMAN and SPAETH, JJ., join in this dissenting opinion.