375 A.2d 149

COMMONWEALTH of Pennsylvania ex rel. Jeanne SCOTT, Appellant,

v.

James RIDER.

Superior Court of Pennsylvania.

Argued March 24, 1977.

Decided June 29, 1977.

Z. R. Bialkowski, Scranton, with him Louis A. Fine, Honesdale, for appellant.

Michael J. Pepe, Jr., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from an order affirming an award of custody. The first custody hearing in this case occurred on November 25, 1975, and resulted in an order awarding custody of two minor children to their father, appellee herein. Pursuant to the terms of the initial order, a review hearing was held before the same lower court judge on August 11, 1976, at the conclusion of which the court reaffirmed its original disposition. This appeal followed.

Appellant and appellee are the divorced parents of Lynn Marie and Dana Rider, girls ages nine and seven at the time of this appeal. After the couple's final separation appellant retained custody of the children, by agreement, while appellee was accorded visitation privileges. On a subsequent occasion appellee failed to return the children and thereafter refused to do so. Appellant then began a habeas corpus action which led to the hearings mentioned above.

Appellee presents a threshold claim in this matter, maintaining that the lower court's order of November 25, 1975, is a final, binding and conclusive finding that the best

interests of the children are served by the father retaining custody, and that the same order is *res judicata* as to all issues that could have been raised in that proceeding. We find no merit in this contention. The court below provided for a review hearing as a part of its initial disposition. It is thus obvious that the court itself did not consider its order of November 25, 1975, to be final or conclusive in nature. At the hearing on August 11, 1976, the court heard testimony, reassessed the evidence and was prepared to alter its former disposition if the circumstances required such action. A second hearing would otherwise have been pointless. It does not appear from the record that appellee attempted to raise the order of November 25, 1975, as a bar to the subsequent review proceeding in the lower court. Under these circumstances it would be unjust to deny review of appellant's claims and we find this appeal to be properly before us.

Appellant's first assignment of error is that the court below improperly based its decision on an in camera interview with the children which was unrecorded and without the presence of counsel. Appellee contends that this issue is waived because the parties agreed to the absence of counsel and appellant failed to request that the interview be recorded. This is not, however, a matter of a right personal to one of the parties which is waived unless properly asserted. This court was confronted with a highly similar situation in *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973), where it pointed out that:

" 'Notwithstanding recent changes in the habeas corpus statutes pertaining to appeals in child custody proceedings, the scope of review of [the Supreme Court] and of the Superior Court remains that of the broadest type [footnote omitted].' *Commonwealth ex rel. Holschuh v. Holland-Moritz*, 448 Pa. 437, 443, 292 A.2d 380, 383 (1972). Thus a case will be remanded where an important issue or piece of evidence is not included in the record. 'Under both the statutory and case law, the scope of our review in child custody cases is quite broad and, while we cannot nullify the fact-finding function of the hearing judge, we are not bound by a finding which has no competent

evidence to support it. *Commonwealth ex rel. Gifford v. Miller*, 213 Pa.Super. 269, 273–274, 248 A.2d 63 [, 66] (1968) and cases cited therein. The decision of the court below here has nothing on the record which supports it due to the incorrect procedure followed in hearing the testimony of the children. If their testimony is to be taken out of the presence of the contending parties, counsel should be present and have an opportunity to examine them, *Snellgrose Adoption Case*, 432 Pa. 158, 166 n. 3, 247 A.2d 596 [, 600, n. 3] (1968), and their testimony should be on the record [footnote omitted].' *Commonwealth ex rel. Morales v. Morales*, 222 Pa.Super. 373, 375–376, 294 A.2d 782, 783 (1972). '[W]henever a judge does hereafter [grant custody to one other than the natural mother], he should do so only after a full and complete explanation of the reasons underlying his decision, which reasons should be set forth in a complete, comprehensive opinion.' *Commonwealth ex rel. Fox v. Fox*, 216 Pa.Super. 11, 17, 260 A.2d 470, 472–473 (1969)."

*Commonwealth ex rel. Grillo v. Shuster, supra*, 226 Pa. Super. at 234–35, 312 A.2d at 62.

█ Although in the instant case it was stipulated that counsel would not be present at the in camera interview of the children, the failure to transcribe this interview precludes adequate review of the order entered below. It is evident from the lower court's opinion that the interview with the children was a significant factor influencing its decision.

The court stated that:

"On a basis of the total evidence presented at both hearings and the disclosures to the Court by the children involved who are now approximately one year older than at the previous hearings, the Court concluded that it would still be for the best interest of the children that the Order of November 25, 1975 remain in force to again be reviewed after the conclusion of the current school year."

Because of the incomplete state of the record before us, and, additionally, because the opinion of the lower court does

not constitute "a full and complete explanation of the reasons underlying his decision," *Commonwealth ex rel. Grillo v. Shuster, supra,* 226 Pa.Super. at 235, 312 A.2d at 62, *quoting Commonwealth ex rel. Fox v. Fox, supra,* 216 Pa.Super. at 17, 260 A.2d at 472–73, we cannot review the propriety of the order from which appeal is taken.

It is true that the children expressed a desire that their disclosures to the lower court be held in confidence. This is noted in the court's opinion and the record provides confirmation. The judge asked, "Did you ask me not to disclose or tell what you were telling me, is that correct?" (R 114a). Both children responded affirmatively. While we are sympathetic to the wishes of the children and the lower court's desire to effectuate them, this concern cannot waive the requirement of a full record. Assuming a valid waiver of attendance of counsel by the parties, the children's interest in confidentiality could be protected by impounding the relevant portion of the record. That portion of the record must, however, be preserved and presented for review on appeal.

In addition, we note that our remand for further proceedings is consistent with the lower court's intention, as expressed in its written opinion, to review this custody disposition again at the conclusion of the 1976–1977 school year.

The case is remanded for further proceedings consistent with this opinion.