393 A.2d 888

**Sylvia SYKORA, Petitioner-Appellant,**

**v.**

**Carl SYKORA, Respondent-Appellee.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Oct. 20, 1978.

Chester B. Smith, Coudersport, for appellant.

James E. Carlson, Wellsboro, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

In this custody proceeding, the parties were married in 1968 and have two children, Carl Jr., born August 18, 1970, and Jennifer, born February 13, 1973. The parties have separated several times, the last time being in February, 1977. At that time, the appellee-father and his son left the marital home and five days later, the appellant-mother also left, taking Jennifer with her. The lower court preserved the status quo, and awarded custody of the daughter to her mother, and custody of the son to the father. The appellant now contends that the best interest of the children was not considered, and that the doctrine of "division of siblings" was violated.

The policies of the law to be followed in resolving cases of this nature have been enunciated by this court in *In Re Russo*, 237 Pa.Super. 80, 346 A.2d 355 (1975). Generally, children should be raised together, and children of tender years should be with the mother. However, both rules are not absolute, and must yield to the paramount principle that the best interest of each individual child must be the determining factor. *Russo* also recognizes that any benefit derived from forcing a child to reside with one of its parents solely for the purpose of keeping the siblings together can be outweighed by the detrimental effects on the child who prefers not to live with that particular parent.

*Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977) tempered the presumption in favor of the mother under the tender years doctrine, and determined that tender years was but one consideration in determining the best interests of the child. The court stated at page 640:

Courts should be wary of deciding matters as sensitive as questions of custody by the invocation of 'presumptions'. Instead, we believe that our courts should inquire into the circumstances and relationships of all the parties involved and reach a determination based solely upon the facts of the case then before the court.

See also *In Re Custody of Hernandez*, 249 Pa.Super. 274, 376 A.2d 648 (1977).

■ Although *Spriggs* and *Hernandez* deal primarily with the tender years doctrine, the same reasoning is applicable to the division of siblings and the whole family doctrine. The emphasis must be on the best interest of the child, and this should be determined without resort to presumptions.

■ The lower court found both the mother and the father to be fit persons, able to provide a home in a happy environment with sufficient interest and means to provide adequately. The award permitting each child to remain with the respective parent with whom the child had resided since the marital separation was made with reluctance, and with a recommendation that the parents attempt a reconciliation, and with a provision for generous visitation. We find no abuse of the trial judge's discretion which would justify a reversal of his decision.

The order of the lower court is affirmed per curiam.

CERCONE, J., concurs in the result.

PRICE, J., files a dissenting statement.

SPAETH, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, dissenting:

I dissent from the affirmance of the order of custody entered by the lower court. I would remand to the lower court for a fuller opinion and reconsideration of its opinion in light of its reliance upon the tender years doctrine. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977).

404

**SPAETH, Judge, dissenting:**

I dissent and would vacate the order of custody and remand the case to the lower court with instructions to conduct a full hearing and then to enter a new award of custody, to be accompanied by a comprehensive opinion specifying the reasons for the award. *In re Custody of Hernandez*, 249 Pa.Super. 274, 289, 376 A.2d 648, 656 (1977); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 237, 312 A.2d 58, 63 (1973). *And see Commonwealth ex rel. Holschuh v. Holland-Moritz*, 448 Pa. 437, 292 A.2d 380 (1972); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976).