392 A.2d 852

COMMONWEALTH of Pennsylvania ex rel. Olga
I. FORRESTER

v.

C. Wayne FORRESTER.

**Appeal of Olga I. FORRESTER.**

Superior Court of Pennsylvania.

Argued June 14, 1977.

Decided Oct. 20, 1978.

Lawrence J. Keating, Lancaster, with him James F. Heinly, Lancaster, for appellant.

John A. O'Brien, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal is from an order of the lower court awarding custody of two children to their father and according specified rights of visitation to their mother. The parties, Olga I. Forrester and C. Wayne Forrester, were married October 7, 1961. Two children were born of their union, Christopher, now nine, and Michael, now eight. The parties separated June 25, 1974, and were divorced on February 7, 1975. On October 29, 1974, appellant filed a petition for a writ of habeas corpus seeking custody of the children. On the date specified for the hearing, however, the parties entered into a property settlement agreement wherein it was specified,

*inter alia,* that appellee would have custody and control of the children and appellant would have liberal visitation rights. This arrangement was never formalized by order of court, and continued until September 4, 1976, when appellee refused appellant her scheduled visitation with the children. Further legal action resumed on September 9, 1976, when appellee filed a petition at the same habeas corpus docket number seeking to have appellant's visitation rights "more clearly defined and restricted so as to protect the . . . children."[1] A hearing on this petition was held September 15, 1976, and resulted in the above-mentioned order.

In its opinion, the court below considers three specific incidents. The first is appellant's arrest for prostitution following a raid on an establishment called the Executive. Appellant admitted this incident but asserted that the charges were dismissed because she was not engaging in prostitution and was not employed at the establishment. Appellant's denials of any criminal or illicit involvement in the incident, including her denial of employment at the Executive, were uncontradicted. The court next mentions the stepmother's discovery that the two boys were experimenting with oral sex on one another. This conduct was apparently suggested to them by their observation of a babysitter and her boyfriend while they were visiting at appellant's home. Appellant testified that when she became aware of the incident she consulted a doctor about the boys' behavior and terminated her use of the babysitter's services. The third event discussed by the lower court was a minor altercation between appellant and appellee's parents which occurred when appellant was attempting to pick up the children at the grandparents' home. Appellee's mother, Edna Forrester, who testified at the hearing, admitted that she and her husband prevented appellant from taking the children with her although they had no legal right to do so. Mrs. Forrester explained that "[s]he didn't have no right to come in and try to take them by force." (P.R. 53). It

1. Because this proceeding was initiated by appellant's 1974 petition seeking custody, both the parties and the court below clearly have treated this matter as a full custody determination.

appears that appellant, possibly expecting interference, tried to hurry the children into the van in which she had come. The grandmother did not maintain, however, that the boys complained or resisted going with their mother. According to the grandmother's own testimony, she and her husband were the ones who resorted to force.

The lower court states: "The mother's prior employment at a massage parlor and the employment of a babysitter from whom the boys got their ideas of oral sex . . . shows a lack of judgment in the mother to say the least. The mother has since discharged the babysitter and is self-employed in her own home. Under these circumstances we believe that visitation rights in the mother at her home will be appropriate." Thus, according to its opinion, the court's disposition was based on two considerations, one which was introduced only by hearsay and which appellant denied without contradiction, and another which, at least from the record before us, could not support a finding that appellant suffered from a "lack of judgment".

"The paramount consideration in custody cases is the best interest and welfare of the child. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 296 A.2d 625 (1972); *Commonwealth ex rel. Pruss v. Pruss,* 236 Pa.Super. 247, 344 A.2d 509 (1975); *Davidyan v. Davidyan,* 230 Pa.Super. 599, 327 A.2d 145 (1974)." *Commonwealth ex rel. Steuer v. Steuer,* 244 Pa.Super. 302, 306, 368 A.2d 732, 734 (1976). Having reviewed the record, we cannot state that the lower court's disposition in this case was incorrect. On the other hand, neither can we say that it was based on the evidence evaluated by the proper standards. We are not in a position to make a determination as to the children's best interests because the court below, which heard the testimony and observed the witnesses, has not treated many of the relevant factors in its opinion. The court's opinion does not discuss, *inter alia,* the comparative fitness of the parties as parents, the ability of the parties to provide for the children's material needs or the homes in which the parties are residing. The mere mention of the three above-described incidents does not constitute a sufficient basis for the court's bare conclu-

sion that "the boys best interest requires that the father have custody."

"In a child custody case the hearing judge's inquiry should be comprehensive and searching, and his decision supported by a full discussion of the evidence. *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). Where the hearing judge has failed to comply with these requirements, we have not hesitated to remand. *Id." Commonwealth ex rel. Schall v. Schall*, 251 Pa.Super. 262, 380 A.2d 478, 479 (1977).

The case is remanded to the court below for further review and a determination and discussion of the best interests and welfare of these children. *See Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974); *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974). While the present record may provide a sufficient basis for a full opinion, we do not limit the court's discretion to require a further hearing if it is desirable.

VAN der VOORT, J., dissents and would affirm.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.