444 A.2d 1241

**SANDRA L. H.**

v.

**JOSEPH M. H.**

**In re LANCE A. H.**

**Appeal of JOSEPH M. H.**

Superior Court of Pennsylvania.

Argued Sept. 23, 1981.

Filed April 23, 1982.

410

Walton V. Davis, Gettysburg, for appellant.

John Eichlin, Clairon, for appellees.

Before BROSKY, McEWEN and BECK, JJ.

BECK, Judge:

This is an appeal from a final order awarding permanent custody of two minor children to their mother, from which the father appeals.

Appellant's claims of reversible error arise primarily from his view that greater weight should have been accorded the testimony of certain of appellant's witnesses; greater weight should have been accorded what appellant asserts to have been the clear preference of the younger child; and greater weight or a different interpretation should have been accorded the testimony of the treating psychiatrist called as witness for appellant. Finally, appellant claims that the admission into the record of a "Home Study Packet" prepared by a caseworker from the Children and Youth Services of the county of the mother's residence without verification and without opportunity for cross-examination is error requiring reversal.

## TRIAL JUDGE'S TREATMENT OF THE TESTIMONY

Appellant cites *G.M.P. vs. A.P.*, 280 Pa.Super. 372, 421 A.2d 769 (1980); *Jones v. Floyd*, 276 Pa.Super. 76, 419 A.2d 102 (1980) and *Lewis v. Lewis*, 267 Pa.Super. 235, 406 A.2d 781 (1979) and represents them as requiring the trial court in such cases to write an opinion which discusses all the evidence presented and which states why some is regarded as more persuasive. These cases do not require such an exhaustive opinion as urged by appellant. They do require that the trial judge "give us a thorough analysis of the record . . . ." *Jones v. Floyd*, 276 Pa.Super. at 80, 419 A.2d at 104. In addition, the opinion must deal with all "relevant factors" and "important facts." *Commonwealth ex rel. Forrester v. Forrester*, 258 Pa.Super. 397, 400, 392 A.2d 852, 854 (1978); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Su-

per. 229, 237, 312 A.2d 58, 63 (1973). This clearly does not require that the judge discuss the testimony of each witness or that citations to the transcript are required. What is required is an opinion which demonstrates that the trial judge has analyzed the record as a whole and has dealt with significant factual disputes in a manner which will enable the appellate courts to understand the reasons for the decision and to make an intelligent evaluation of the opinion and of the testimony. *See, e.g., G.M.P. v. A.P.*, 280 Pa.Super. at 379, 421 A.2d at 772.

In the instant case, the trial judge has presented us with an opinion which reflects not only a thorough but a deeply concerned analysis of the record as a whole. This court has reviewed the record as a whole and finds that much of·the testimony by the twenty-one witnesses heard in this case is summed up in the following language in the opinion of the trial judge:

> ... [B]oth parents can provide a more than adequate setting for the physical, intellectual, moral and spiritual well-being [of the children].

 The trial judge therefore limited his opinion to those factors which he considered important and relevant as weighing sufficiently to tip this balance in favor of an award of custody to the mother. We find that the record herein, taken as a whole, more than amply supports an award of custody to the mother. The preference of the younger child, asserted by appellant to be a preference to live with the father, is not unequivocally stated in the record of the case. Even had it been clearly stated to be as asserted by appellant, such a preference by a ten-year-old child, while certainly to be considered by the court, is clearly not controlling.[1] The trial judge correctly weighed the preferences of both children as the children represented them to him together with the strong doctrine in Pennsylva-

---

[1] The preference of a child is one factor to be considered, and to be accorded varying weight depending upon the age, intelligence and maturity of the child, but it is clearly not controlling. *See Commonwealth ex rel. E.H.T. v. R.E.T.*, 285 Pa.Super. 444, 452, 427 A.2d 1370, 1374 (1981) and cases cited therein.

nia supporting preservation of family unity[2] and the current authority supporting continuity of child care to the extent possible and where the circumstances warrant it.[3] Finally, the trial judge reviewed the testimony by the treating psychiatrist called as a witness by appellant and found that the testimony taken as a whole did not weigh against an award of custody to the mother, but in fact supported such an award in significant part.

## ADMISSION OF THE "HOME STUDY PACKET"

Certain testimony in this case was taken in Clarion County, the home county of the mother, and transcripts of the testimony were forwarded by the Clarion County court to the judge in Adams County who was deciding the matter. Clarion County forwarded with the transcripts a "Home Study Packet" prepared by the Clarion County Children and Youth Services, apparently as a standard procedure in child custody cases. This document was inadvertently admitted as part of the record in the case. The study included an "autobiography" submitted by the mother and her present husband at the request of the caseworker. Appellant asserts that the study, and the autobiographical sections in particular, were prejudicial to his case, and that their admission without opportunity for cross-examination constitutes reversible error.

In addressing this issue in his opinion, the trial judge describes the study as having been of "minimum" value in that there had not been presented by any party any serious question as to the physical adequacy of the home or the environment provided by either party. He found the report to be simply corroborative of other evidence introduced. As to the autobiographical section, the trial judge states that it "was not considered by the Court and in fact was not read in its entirety by the Court."

**2.** *See Albright v. Commonwealth ex rel. Fetters*, 491 Pa. 320, 327–328, 421 A.2d 157, 160–161 (1980) and cases cited therein.

**3.** *Id.*

 It is error for the court to admit reports such as this home study without affording the parties an opportunity to cross-examine the preparer as to its contents, including an opportunity to cross-examine anyone quoted in such reports where the quoted facts are relied upon for any conclusion.[4] The challenged report in the present instance, including the autobiographical section, does contain assertions which, if relied upon by the court and in the absence of an otherwise sufficient record, would require reversal. In the instant case, however, the record excluding the home study packet is, as previously stated, more than adequate to support the award of custody made by the trial judge. The judge states that the study did not weigh in his deliberations and that the autobiographical section was not considered at all. It is apparent from the opinion of the trial judge and from a review of the record that the factors which weigh in favor of the award of custody to the mother do not in any way arise from anything in the home study packet but rather from the testimony presented to the court. Appellant has not pointed to any specific prejudice claimed to have arisen from admission of the study, nor does he cite any portion or item of the court's findings which it is claimed arose from a review of the study. For this reason, we find that although there was error in admission of the "Home Study Packet," this error in no way influenced the conclusions of the trial judge as to where the best interest of the children lay and was not prejudicial to their interests or to the interests of appellant, and does not require reversal.

## CONFERENCES WITH THE CHILDREN

 The trial judge held conferences with both of the children which were recorded and transcribed, but at which, by agreement, neither counsel nor the parties were present. In addition, at the urgent request of the younger child, and again by agreement of the parties, the trial judge had a few words with the younger child in the absence of anyone else,

4. See Wood v. Tucker, 231 Pa.Super. 461, 463, 332 A.2d 191, 192 (1974) and cases cited therein. In each of these cases, the hearing judge had relied upon reports not subject to cross-examination.

and this conversation was not recorded or transcribed. Appellant does not assign these conferences, or any of them, as error, but on the contrary specifically asserts that they were agreed to in the best interests of the children and are not challenged on appeal. Nonetheless, in light of the decisions in *Jones v. Floyd*, 276 Pa.Super. at 80–81, 419 A.2d at 104 (1980) and the cases cited therein, these proceedings must be examined to ensure that the minor children have received due process in the determination of what is in their best interests. *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976). In the present instance, except for the few words above described, the *in camera* examination of the children was transcribed, and a review of the record of those examinations reveals that they were entirely proper and rationally directed to ascertaining what would serve the best interests of the children. The trial judge described the one minor deviation from these procedures as having involved a concern expressed by the younger child as to a ruling on evidence made by the trial judge. There is absolutely no reason to believe that this brief conversation in any way influenced the decision of the trial judge. This is clearly not a case in which a child's future was disposed of "in summary fashion" as in *Jones v. Floyd* or *Gunter v. Gunter*. As previously stated, the competent evidence of record amply supports the determination made by the trial judge as to where the best interests of these children lay. We will not further suspend the implementation of this well-supported decision on the basis of minor error not affecting the outcome of the case.

The Order appealed from is affirmed.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I concur in the result reached by the majority, however, I wish to express my view concerning our standard of review.

We have very recently stated in *Robert H. H. v. May L. H.*, 293 Pa.Super. 431, 439 A.2d 187 (1981):

Our scope of review in custody disputes is very broad. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977); *Commonwealth ex rel. Myers v. Myers*, 468 Pa. 134, 360 A.2d 587 (1976). We will review the record very closely not with a mind toward usurping the fact-finding function of the trial court, but with a responsible eye searching to ferret out what is in the "best interest of the children." *In re Custody of White*, 270 Pa.Super. 165, 411 A.2d 231 (1979). Accordingly, we are not bound by the deductions and inferences made by the judge who heard the dispute. *Trefsgar v. Trefsgar*, 261 Pa.Super. 1, 395 A.2d 273 (1978); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974). Thus, we make an independent review of the evidence and render an independent judgment which will assure that the Commonwealth's justifiable concern for the health and safety of its children is met. *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1979). Our review, therefore, requires not only a thoroughly developed and complete record, *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974), but a comprehensive and well-reasoned opinion which analyzes the facts disclosed in the record in a manner which clearly demonstrates the necessity for placing custody with either the petitioner or respondent. *Martincheck v. Martincheck*, 262 Pa.Super. 346, 396 A.2d 788 (1979). Hence, we shall engage in a broad and comprehensive review of the record and reach an independent decision regarding the placement of the children in the custody of either party. We shall approach this review with an open mind and will not adhere to an abuse of discretion standard. Simply stated, our broad scope of review encompasses but is not limited to the narrow scope of review described by the term abuse of discretion. *Commonwealth ex rel. Berman v. Berman*, [289] Pa.Super. [91], 432 A.2d 1066 (1981). To reason in any other manner

contradicts the very essence of our standard of review in custody cases. *In re Jennifer Lynn Arnold, Appeal of Merrill S. Arnold*, [286] Pa.Super. [171], [176], 428 A.2d 627, 629 (1981) (HOFFMAN, J., Concurring Opinion); *Commonwealth ex rel. E. H. T. v. R. E. T.*, [285] Pa.Super. [444], [457], 427 A.2d 1370, 1376 (1981) (HOFFMAN, J., Concurring Opinion). [Footnote omitted.]

(293 Pa.Superior Ct. at 433, 434, 439 A.2d 188, 189.)

I would hold that our scope of review is very broad in nature. Accordingly, I agree with Judge Hoffman when he said in *Commonwealth ex rel. E. H. T. v. R. E. T.*, 285 Pa.Super. 444, 457, 427 A.2d 1370, 1377 (1981) (HOFFMAN, J., Concurring Opinion):

> Thus, if we are indeed to review a custody order pursuant to the "abuse of discretion" standard, then we may not disturb that order unless the appellant meets the "heavy burden" of convincing us that the lower court ignored or misapplied the law, exercised a manifestly unreasonable judgment, or acted out of partiality, prejudice, bias, or ill-will. This minimally exacting level of appellate scrutiny, while proper in other contexts, [footnote omitted] is manifestly inappropriate in cases in which *our scope of review purports to be of the broadest type*. Accordingly, I believe that it is time for us to disavow a standard which is inconsistent with both our responsibility and our actual practice of closely scrutinizing custody decisions [footnote omitted].

(Emphasis added.) See also *Commonwealth v. Siriani*, 286 Pa.Super. 176, 428 A.2d 629 (1981) (HOFFMAN, J. concurring), *Commonwealth ex rel. Berman v. Berman*, supra.